The State of Illinois, Defendant in Error, v. Samuel
Headrick (Impleaded), Plaintiff in Error.

Gen. No. 11,903.

Second District.
December 15, 1964.
Rehearing denied January 8, 1965.

John R. Snively, of Rockford, for plaintiff in error.

John A. Strom, State's Attorney, of Belvidere, for defendant in error.

MORAN, J.

The defendant, Samuel Headrick, was granted probation on May 3, 1963, after being found guilty of burglary by a jury.

The mandatory conditions of his release upon probation as called for by statute were contained in the order. In addition, he was to make restitution in the sum of $11.32 within thirty days and pay the costs of the proceedings within ninety days.

Thereafter, on June 19, 1963, an unverified Petition to Revoke Probation was filed by the State's Attorney. This petition alleged that the defendant left the State of Illinois several times; that he did not pay the costs and restitution as ordered; that he was late in reporting to the probation officer; and that he tried to disguise himself by dying his hair and changing tatoos on his arm. The court ordered revocation of the defendant's probation and entered a rule upon him to show cause as to why his probation should not be terminated, judgment entered and sentence imposed. A capias was also ordered to issue. This order was entered on the date the petition was filed.

On June 28, 1963, the defendant and his counsel were present in open court when the cause was continued to July 12, 1963, for hearing. Bond was set at this time in the sum of $3500.

On July 12, 1963, a hearing was had upon the petition. The court found that the terms of probation were violated and sentenced the defendant to the penitentiary for a period of not less than one year nor more than ten years.

On July 18, 1963, the defendant filed a Motion to Vacate the order of July 12, 1963, and also a Motion for Stay of Mittimus. After hearing arguments, the court denied both motions. It is from the order revoking probation and imposing sentence that the defendant appeals.

■ ■ As to the first contention the defendant claims the petition does not allege facts; that it con-

tains hearsay; and that it is vague and uncertain. We disagree, but further note from the abstract and the record that this point was not raised in the trial court either by pleading or otherwise. It cannot for the first time be raised upon this appeal. The defendant also states that the petition is not verified and therefore fatally defective. Ill Rev Stats c 38, § 789.1 (1963), specifically states that the petition need not be verified. The defendant cites the case of People v. Warren, 314 Ill App 198, 40 NE2d 845, which is not in point since the particular section (Ill Rev Stats c 38, § 789 (1959)) referred to in that case was repealed August 1, 1961.

The defendant next argues that the procedure followed by the court was not in accordance with the provisions of the statute. Ill Rev Stats c 38, § 789.1 (1963), was enacted on August 1, 1961, and took the place of Sec 789 which was repealed. (Sec 117–3 being the new Code of Criminal Procedure has since replaced Sec 789.1). Sec 789.1 sets forth generally the procedure to be followed upon the alleged violation of probation. After the filing of the petition, the court may issue a warrant for the arrest of the probationer. Bail shall be fixed, a copy of the charge shall be furnished the probationer, his right to counsel shall be the same as in the action which resulted in such probation, and the court shall set a hearing date allowing the probationer reasonable time to prepare his defense. At the conclusion of the hearing if the court determines from a preponderance of the evidence that probation has been violated it may revoke and impose sentence. Under the former section, Sec 789, the procedure after the filing of a report by the probation officer was that the court would revoke and terminate the probation and issue a warrant for the

arrest of the probationer. Upon the probationer being brought before the court, a rule to show cause as to why his probation should not be terminated could be entered, bond fixed and a hearing date set.

 The defendant bases his argument on the fact that the court proceeded under a rule to show cause which is not provided for under the statute. Also that the court should have set the amount of bail in the order of June 19, 1963, instead of on June 28, 1963. The latter date being when the defendant first appeared in open court. With these contentions we find no merit. The procedure to revoke an order admitting the defendant to probation is of little moment as long as the defendant has been given notice and a copy of the charge, opportunity to be heard, and a conscientious judicial determination has been made according to accepted and well recognized procedural methods upon the question of his violation of the conditions of probation. People v. Price, 24 Ill App2d 364, 164 NE2d 528. This would include a right to counsel and a reasonable time to prepare his defense. In this case the defendant was represented by counsel at each of his appearances before the court. The record is silent upon whose motion the continuance of June 28, 1963, was ordered; nevertheless, the defendant had thirty days from the filing of the petition to the hearing date to prepare a defense. The record does not disclose that the defendant requested additional time to prepare his defense, nor does it reflect any objection because the trial court failed to set bond at the time of the filing of the petition and issuing a capias. The defendant, therefore, cannot for the first time raise these objections before the reviewing court.

 As to the contention that the defendant did not receive a copy of the charge, again the record is silent. We do know that on June 28, 1963, the defendant

was present in open court with his counsel and the cause was continued over until July 12, 1963. There was a hearing had upon the charge without objection, and the motion to vacate the order appealed from does not recite this point. We, therefore, must presume that the defendant had knowledge of the charge against him. This was never raised before the trial court and cannot, for the first time, be raised before a court of review.

■ The defendant next asserts that since there is no affirmative showing of a plea of not guilty, the court was without jurisdiction, and therefore, the order is a nullity. The cases cited by counsel for the defendant are not the law. As a matter of fact defense counsel participated in the case, from the same county as the case before us, which expressly overruled this contention. We refer to the case of People v. Hill, 17 Ill2d 112, 119, 160 NE2d 779, wherein Justice Schaefer stated, "The record shows without doubt that the case was tried upon the assumption that a plea of not guilty had been filed . . . We fail to see how the defendant's situation would have been altered in any respect if a formal plea of not guilty had been entered. We hold, therefore, that under these circumstances the want of a formal plea of not guilty does not require that the judgment of conviction be set aside. Decisions to the contrary are overruled." The circumstances in this case are tailored after the case of People v. Hill, supra, and we find no merit to this argument.

■ Defendant claims that the trial court abused its discretion in revoking the probation in this case. We disagree with the defendant. Ill Rev Stats c 38, § 791 (1963), states:

"Should any probationer found guilty of a misdemeanor or a felony depart from this state with-

out the prior leave of the court that placed him on probation, such act shall, of itself, operate as a termination of his probation and the court shall thereupon enter judgment terminating such probation and he may thereupon be proceeded against as a fugitive from justice. When re-arrested and brought before the court, the court entering such judgment shall have power to set the same aside and proceed in its discretion with respect to such probationer as though such judgment had never been entered."

The defendant has admitted the violation of this section of the statute which was one of the conditions expressly set forth in the order of probation. We find no abuse of discretion from the facts disclosed by the record in this case.

The last assignment of error is the refusal of the court to allow the defendant's motion to stay the mittimus. We agree that the trial court should have allowed this motion; nevertheless, in view of the conclusions reached relative to the other assignment of errors in this cause, we are of the opinion that this in and of itself does not constitute reversible error.

The judgment of the trial court is affirmed.

Affirmed.

ABRAHAMSON, P. J. and CARROLL, J., concur.