SAINTIGNON, ADMR., APPELLANT, *v.* SAINTIGNON ET AL., APPELLEES; ET AL., APPELLANTS.

(No. 810—Decided January 25, 1966.)

*Messrs. Marchal & Marchal,* for plaintiff-appellant.

*Mr. William H. Bertram, Jr.,* for guardian ad litem of Donald Saintignon and Daniel Saintignon, defendants-appellants.

*Messrs. Goubeaux & Goubeaux,* for defendants-appellees.

CRAWFORD, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas in a suit for construction of the will of Bernard N. Saintignon, deceased.

The court found and ordered that the three children of testator's deceased son, Melvin Saintignon, which children had been adopted by nonrelatives, should take the share of the estate which their father would have taken if living.

The facts were stipulated. Testator and his wife had seven children. The last will and testament was dated June 16, 1954. Item Two therein devised and bequeathed the entire estate to the testator's seven children, naming them, "to be theirs absodutely and in fee simple, share and share alike."

Item Three of the will reads:

"It is my will that, in the event any of my children aforesaid should precede me in death, leaving no lineal descendants who are of my blood, the share of such deceased child or children shall in that event pass to the surviving children."

On June 23, 1954, decedent and his wife, who still survives, entered into a separation agreement, and thereafter lived separate and apart. By that agreement, the wife relinquished all her right, title and interest in the testator's estate. The agreement also provided:

"It is further agreed by the parties in consideration of the premises that Bernard N. Saintignon will execute a good and valid will whereby he will devise and bequeath all of his property * * * to the seven children of these parties * * * [naming them], and to the survivors of them in the event any of said children should die without leaving lineal descendants of the blood of these parties, prior to the death of Bernard Saintignon."

One of the seven children of the parties, Melvin Saintignon, and his wife, died on March 31, 1962, as the result of injuries sustained in a common accident. They were survivied by three children: Ricky Saintignon, Randy Saintignon and Todd Saintignon. Final decrees of adoption for these three children were filed in the Probate Court on October 7, 1963, whereby they were adopted by George E. Liette and Dolores W. Liette and their names changed from Saintignon to Liette, such children being then eight, six and one year of age respectively.

The testator, Bernard N. Saintignon, died on August 28, 1964.

Had there been no adoption of these grandchildren of the testator, we apprehend there would be no question that they were entitled to their father's share. While the will does not by express words devise and bequeath the deceased parent's share to his surviving children, yet such was obviously the testator's intent as gathered from the four corners of the instrument and as supported by the attendant circumstances. Otherwise, there could be no reason for including in Item Three the words, "leaving no lineal descendants who are of my blood." The separation agreement executed seven days later contains a similar provision, which it was testator's contractual duty to perform. 56 Ohio Jurisprudence 2d 57, 60, 66, 68, Wills, Sec-

tions 522, 523, 524, 526; and 55 Ohio Jurisprudence 2d 483, Wills, Section 10.

In light of the adoption of the three surviving children of Melvin Saintignon, the question is whether the will contains the "clear identification" of them which is required by Section 3107.13, Revised Code. That section is entitled "Legal rights after adoption." The pertinent portions thereof are as follows:

"* * * For all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property and the taxation of such inheritance and succession, a legally adopted child shall have the same status and rights, and shall bear the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents; provided:

"(A) Such adopted child shall not be capable of inheriting or succeeding to property expressly limited to heirs of the body of the adopting parents.

"(B) * * *

"This section does not debar a legally adopted child from inheriting, under a will identifying such child by any name by which he has been or is known or other clear identification, property of such child's natural parent or parents or other natural kin as in case of bequest or devise to any other person."

It is argued that, because of the provision for identifying a child by name, the rule of *ejusdem generis* requires that the "other clear identification" referred to in the statute means, if not actually a name or nickname, at least other direct reference to an individual. We are unable to follow this reasoning. "Other clear identification" is alternative to a name, and the additional provision is introduced by the disjunctive. To require individual, as distinguished from class or group identification, is to attempt to read an additional requirement into the statute.

The language which we have found sufficient to identify the class, comprising all the individuals in it, in case there had been no adoption, is not rendered less clear by the adoption.

We agree with the trial court's observation that, if use of the phrase "heirs of the body of the adopting parents" contained in subsection (A) of Section 3107.13, Revised Code, is

sufficiently clear identification to exclude adopted children from sharing in the estate of an adopting parent, the words, "lineal descendants who are of my blood," contained in this will of their natural grandfather are sufficient to include them in the distribution of his estate. The designation used by the testator constituting "other clear identification" is quite as effective "as in case of bequest or devise to any other person" (to quote an additional phrase from the statute).

The requirement of individual designation which appellants would impose could present great difficulty to a testator. Suppose, for example, that instead of clearly identifying a class, this testator had attempted to designate these three grandchildren individually, and thereafter another of his children had suddenly and immediately predeceased him, leaving issue living or unborn, how would that child's "lineal descendants who are of my blood" be provided for, except by statute? (See Section 2107.52, Revised Code.)

"The general rule to the effect that it is not essential that a legatee or devisee be designated by name in the will, provided he is so described as to be readily ascertained and identified by the aid of extrinsic evidence, is established beyond question. * * *" 56 Ohio Jurisprudence 2d 133, Wills, Section 602.

"Blood relationship has always been recognized as a potent factor in determining rights under a will." *Third National Bank & Trust Co., Trustee,* v. *Davidson,* 157 Ohio St. 355.

The method followed by the testator furnished clear identification of the three grandchildren, and was as effective as naming them.

We have dealt with the central issue raised by the several assignments of error, and find in the record no error prejudicial to the rights of the appellants.

The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.