People of the State of Illinois, Plaintiff-Appellee, v. Melvin W. Dotson, Defendant-Appellant.

Gen. No. 67–136.

Fifth District.

July 23, 1969.

Harold G. Baker, Jr., of East St. Louis, for appellant.

Robert H. Rice, State's Attorney of St. Clair County, of Belleville (John M. Karns, Jr., Assistant State's Attorney, of counsel), for appellee.

EBERSPACHER, J.

In 1965 the defendant was indicted for burglary, and upon arraignment entered a plea of not guilty. The Public Defender was appointed to represent defendant and upon the case being called for trial, on June 9, 1965, the State requested and was granted leave to reduce the charge from burglary to theft of over $150 in violation of c 38, § 16–1, Ill Rev Stats 1963. To the latter charge the defendant pled guilty and made an oral motion for probation. The State suggested that if defendant would waive any presentence investigation that the State's Attorney's office would recommend probation. The defendant thereupon waived a preliminary hearing and presentence investigation. The Court inquired as to the circumstance of the case and whether it was a weak case,

which inquiry was answered by the prosecutor stating that it was a weak case. Thereupon the Court advised:

> "Then your case will not be referred to the probation officer, and your having waived your right to a hearing on your application for probation, the Court now grants your application for probation and accordingly you are placed on probation for a term of five years from this date. Court costs to be paid within ninety days. That will be all."

No further proceedings were had and no written order of probation was entered in the cause until approximately 21 months later.

On March 10, 1967, the court signed an order setting a hearing date (April 10, 1967) for revocation proceedings, which ordered the arrest of defendant and set bail. The order was filed on March 29, 1967, and on that date a petition to revoke probation was filed, to which was attached and made a part thereof, a written order of probation, entered on March 29, 1967. The record fails to disclose whether the order of probation was even served on defendant. The grounds for revocation alleged in the petition were that the defendant had on two occasions been convicted for driving without a driver's license and had failed to pay the costs of the original proceeding. The written probation order entered on March 29, 1967, in addition to the conditions set forth in c 38, 117–2 [1] (a) (1),

[1] C 38, § 117–2, Ill Rev Stats 1963: Conditions of Probation.

(a) A person admitted to probation shall be subject to the following conditions:

(1) Not violate any penal statute or ordinance of any jurisdiction.

(2) Not leave the State without the consent of the court.

(3) Make a report to such person or agency and at such times as the court may direct and shall appear in person before the court at such time as the court may direct.

(4) Execute a recognizance in accordance with the provisions of Article 110 of this Code.

(2), and (3), and the payment of costs within 90 days as may be provided under § 117–2(b)3, imposed the following conditions, purportedly under (b)5, prohibition of the use of alcoholic beverages or frequenting places where such beverages are served; prohibition of association with criminals or attendance at places where criminals or persons of ill repute congregate or assemble; and prohibiting absence from defendant's house from 11:00 p. m. until departure for the place of employment the following morning, without consent of the probation officer.

On May 15, 1967, a hearing was held on the petition for revocation in which the State presented evidence of two convictions for driving without a driver's license and nonpayment of costs in the original proceedings. Over the Public Defender's objection, evidence of drinking and frequenting places where drinks were sold and gambling was prevalent. On cross-examination, the Probation Officer who was the State's sole witness, admitted he had never seen defendant in a tavern. The Probation Officer further testified with reference to defendant's family, and his employment. Defendant presented evidence of his family, his employment, and his inability to pay the court costs which had been called to the attention of both the Court and the Probation Officer. He testified concerning the emergency nature of the two driver's license

(b) A person admitted to probation may be subject to the following conditions:

(1) Imprisoned in a place of confinement other than a penitentiary for a period not to exceed one year and in no event to exceed the maximum penalty provided for the offense.

(2) Pay within a period set by the court a fine not to exceed the maximum provided for the offense.

(3) Pay the cost of the proceedings as set by the court.

(4) Make restitution or reparation within the period of probation in an amount not to exceed actual loss or damage to property or medical expense resulting from bodily injury to person.

(5) Perform or refrain from performing such other acts as may be ordered by the court.

309

violations and that he had a valid Missouri Driver's License which he had previously lost at the time of the two convictions for driving without a license.

The Court thereupon found violations of the terms of probation, revoked probation and sentenced defendant for a term of not less than 3 nor more than 10 years on the original theft conviction.

■ There was never any hearing or determination that probation had been violated prior to March 29, 1967, and as a result the court by the entry of the written order on that date had no authority to alter the conditions of probation. C 38, § 117–3(d), Ill Rev Stats 1963. As a result, those conditions imposed by that order which were not included in the original oral order of probation were a nullity and defendant should not have been charged with violating them in the petition for revocation.

■ ■ Under the applicable statute, c 38, § 117–3, supra, and case law, the question of revocation of probation is a matter resting within the discretion of the trial judge. In view of the evidence of violations of the Drivers License Act, c 95½, § 6, Ill Rev Stats 1965, the court did not abuse its discretion in ordering the revocation of probation. We consider People v. Price, 24 Ill App2d 364, 164 NE2d 528, the leading case with reference to revocation of probation. From that case and the later decisions of People v. Headrick, 54 Ill App2d 44, 203 NE 2d 157; and People v. Dwyer, 57 Ill App2d 343, 206 NE2d 113, and the provisions of c 38, § 117–3, the guidelines for the revocation procedure are as follows:

■ (1) The defendant must be notified of the alleged violations of his probation; (2) The defendant must be given an opportunity to defend against, and to refute, the alleged violations; (3) The State, having the burden of proof, must prove the alleged violations by the preponderance of the evidence, by competent evidence; (4) A conscientious judicial determination must be made ac-

cording to accepted and well recognized procedural methods.

■ In People v. Castanza, 92 Ill App2d 419, 236 NE2d 251, the question before the Court was the propriety of the admission of evidence of a violation of defendant's probation not set out in the petition. The Court held while it was error to admit such evidence, it was not reversible error since the specified violation was proved by a preponderance of the evidence. While this record does not show that defendant received a copy of the petition for revocation we do know that he was present with counsel at the hearing, and made no objection to the hearing. Failure to be presented with the charge was not raised before the trial court, and in such circumstances we will presume defendant had knowledge of the charges against him. People v. Headrick, 54 Ill App2d 44, 203 NE 2d 157, 159.

As a result of the foregoing, we affirm the revocation of probation.

■ Defendant next contends that no hearing in aggravation and mitigation was held. Our language in People v. Mitchell, 67 Ill App2d 124, 214 NE2d 124, with that of People v. Lillie, 79 Ill App2d 174, 223 NE2d 716, makes it quite clear that a hearing in aggravation and mitigation is required before sentence is imposed as a result of revocation of probation. Here the State suggests that the hearing on revocation met all the requirements of a hearing on mitigation and revocation, while the defendant contends that the record is absent any showing of a knowingly made waiver of such hearing or such hearing. Due to the circumstances here present, we do not pass on these contentions and for the purpose of determining whether the sentence was excessive, adopt the record as we find it.

■ No circumstances of aggravation are shown. The record is barren of any showing to the effect that the time

defendant has served is not adequate punishment for a first unaggravated offense of theft. The record discloses that defendant has a family and has made an effort to support them. Defendant's record was sufficient to grant him probation in the first instance, and obviously there was a possibility of rehabilitation. As we said in People v. Lillie, supra:

> "Excessive minimum sentences, imposed by the courts, may defeat the effectiveness of the parole system by making mandatory the incarceration of a prisoner long after effective rehabilitation has been accomplished."

We believe that, taking into account the guidelines for the proper exercise of our power to reduce sentences, as set forth in People v. Taylor, 33 Ill2d 417, 211 NE2d 673, that this is a proper case for reduction.

Accordingly, the judgment is affirmed and the sentence reduced to a term of not less than 26 months or more than 10 years.

Judgment affirmed and sentence reduced.

GOLDENHERSH and MORAN, JJ., concur.