The People of the State of Illinois, Plaintiff-Appellee, v. Robert Hicks, Defendant-Appellant.

Gen. No. 69–117.

Third District.

June 15, 1970.

Rehearing denied July 22, 1970.

Ronald F. Coplan, of Morrison, for appellant.

L. E. Ellison, State's Attorney, of Sterling, for appellee.

ALLOY, J.

Defendant Robert Hicks, who pleaded guilty to a burglary charge on February 9, 1968, was placed on three-year probation with the first 60 days to be served in the Whiteside County Jail. The terms of his probation required that he not violate any penal statute or ordinance and that he report to his probation officer monthly. On February 7, 1969, a hearing was held involving a probation violation by defendant. It was shown at that hearing that defendant had violated his probation by a traffic violation and by failing to report to his probation officer as required by the terms of his probation. As a result of such hearing, defendant's probation was continued, but the terms of his probation were modified to require that defendant reside with his parents, and that he be in his place of residence by 11:00 p. m. at night and not leave before 6:00 a. m. Thereafter, on September 2, 1969, defendant was found in contempt of court for leaving the State of Illinois without permission, in violation of one of the terms of his probation. He was placed in the Whiteside County Jail for 30 days as a result, but his probation was continued.

On October 21, 1969, a petition was filed by the Whiteside County probation officer alleging that defendant violated his probation by failing to reside with his parents and obey the curfew hours and by contributing to the delinquency of three minors, two girls (17 years of age), and one boy, age 16. A hearing was held on such petition on October 27, 1969, and following such hearing

defendant's probation was terminated and he was sentenced to the Illinois State Penitentiary for a term of not less than one year or not more than seven years on the burglary charge, to which he had pleaded guilty on February 9, 1968.

At the hearing with respect to the probation violation, defendant was represented by an attorney and testimony was submitted by witnesses for both State and defendant. The evidence disclosed that police officers of Whiteside County went to a cottage east of Rock Falls at about 4:00 a. m. on October 15, 1969, on a report that several missing persons were at a party in certain cottages at such location. When the officers approached the cabin they saw no lights and observed no activity. One of the officers knocked on the door of the cottage and when there was no response, the officers shined their flashlights in the windows. Shortly, defendant came to the door and admitted the officers into the cabin. In the bedroom the officers found the two 17-year-old girls and another man. The 16-year-old boy was found standing in the bedroom closet. Defendant and the 16-year-old boy were dressed except for shoes and stockings. The girls were wearing T-shirts and jeans. A brassiere was found on the floor. Empty wine bottles and cough medicine bottles were in the room and on the floor, but no glasses were found and there was no evidence that there was any liquor remaining in the bottles. The officers testified that they did not know if any of the occupants in the cottages had been drinking. The occupants had testified that they had not been drinking.

The cottage was rented by a Terry Herrin, who was not present when the officers arrived. Michael Whiels, the 16-year-old boy, had been gone from home about two weeks. Whiels testified that Terry Herrin had permitted him to stay in the cottage, where he had been for two days. Defendant arrived at the cottage about 2:00 p. m. on the afternoon of October 14, 1969. He

51

stated that he was looking for a job, and since he had no ride back to Rock Falls, he was going to stay in the cabin. Whiels testified that he asked defendant to go home about 5:00 in the afternoon. One of the girls arrived at the cottage about 8:30 in the evening and another arrived the same evening about 10:30. There was no showing that defendant did anything to cause the girls to come to the cabin. At about 11:00 in the evening, defendant asked the girls to go home. They testified they had no way home and since it was cold, they decided to stay all night. The testimony of those who were in the cabin that night showed that the group played cards until about midnight and the girls then went to sleep in the living room and the boys in the bedroom. Around 3:00 in the morning the girls went to the bedroom to get more blankets as they were cold. Since there were no extra blankets, they got into bed with defendant and another man, ostensibly to keep warm.

At the close of the evidence, defendant's attorney moved to dismiss the petition for revocation of probation, which the court denied. The court then stated that probation would be revoked. Attorney for defendant then orally moved that the cause be continued "to have a proper hearing on mitigation and aggravation." The trial court answered, "No, you are proceeding now." Attorney for defendant then answered, "Very well, Your Honor." There was a short statement by the Assistant State's Attorney handling the case in which he suggested that defendant be sentenced from two to five years. The trial judge than asked if there was anything further to offer in aggravation, to which the Assistant State's Attorney replied, "No, Sir." The Court then asked, "Have you anything to offer in mitigation?" The attorney for defendant said, "I don't at this time, Your Honor, care to offer anything further." The court then sentenced the defendant to be imprisoned in the penitentiary not less than one nor more than seven years.

On appeal in this Court, the questions before us involve (a) whether or not the State proved that defendant had violated the terms of his probation, (b) whether the trial judge abused his discretion in revoking the probation of defendant, (c) whether defendant was given the hearing in mitigation, (d) whether the trial judge abused his discretion in not allowing a continuance as requested by defendant's attorney, and (e) whether there was any error in connection with the hearing in mitigation and, incidentally, whether defendant waived the right to present evidence in mitigation.

 The courts of this State have indicated that the State has the burden of proof of violation of probation by a defendant. In a revocation proceeding defendant is required to be notified of the alleged violation of his probation and be given an opportunity to defend against, and refute the alleged violations. It is also the duty of the court to make a conscientious judicial determination according to accepted and well recognized procedural methods (People v. Dotson, 111 Ill App2d 306, 250 NE2d 174). In People v. Carroll, 76 Ill App2d 9, 221 NE2d 528, an issue was being considered as to whether the State had proved a violation of probation. In that case, defendant was out later than 11:00 p. m., in the company of a certain individual, and had beer in his car. All three of these acts were violations of his probation. The court found that the evidence sustained the trial judge's finding that there was a violation of probation. The court stated that a violation of the terms and conditions of probation, when found to have been made by the trial court, should not be disturbed on appeal simply because there is conflicting evidence. Similarly, in the cause before us, it is clear that defendant violated the terms of his probation by not being home at 11:00, as required.

Defendant contends that there was no proof that he contributed to the delinquency of three minors and that,

therefore, this could not be held to be a probation violation. Irrespective of whether or not there was such violation involving contributing to the delinquency of minors, there was obviously evidence in the record which showed a violation of the curfew requirement that defendant be home at 11:00 p. m. In People v. Price, 24 Ill App2d 364, 164 NE2d 528, where defendant was charged with committing the crime of rape while he was on probation following a charge of grand larceny, defendant contended that, since he had never been convicted of the rape charge, he had not violated his probation. The court stated in this connection (at page 379):

> "No conclusion other than the one arrived at by the trial court would have been justified upon the evidence found in this record and no authority has been submitted and we have found none which precludes the circuit court in a proceeding of this character from proceeding under the petition to revoke the order admitting this defendant to probation until after the termination of any criminal case growing out of the rape charge against plaintiff in error.

> "This is a statutory proceeding. The statute makes no provision for a jury trial. The defendant in this proceeding was not on trial for the crime of rape for which he had been indicted. He was in the court that had previously granted him probation to answer the allegations of the petition which charged he had breached the order admitting him to probation. At the hearing the state was required to prove by a preponderance of the evidence that the defendant had violated the provisions of that order. The trial court found he had and the record fully sustains its judgment."

The circumstance, therefore, that defendant may not have been guilty of contributing to the delinquency of the

54

minors would be no reason for continuing probation as to defendant, since he violated the curfew provision of his probation. The fact that the evidence also showed two minor girls and a minor boy were in the cabin with the defendant, and in fact spent the night in the same cabin and that the girls were in the same bed with defendant and another man at 4:00 in the morning, were facts which were properly directed to the attention of the court.

We had stated in People v. Dwyer, 57 Ill App2d 343, 206 NE2d 113, that where the vital question in a proceeding for revocation of a defendant's probation is whether he violated the terms of probation by participating in a crime, nothing less than the most convincing proof on the issue of whether defendant participated in such a crime will satisfy the requirements of justice. We did not (and the courts of this State have not) conclude that a revocation of probation could not be predicated upon a curfew violation, even though an incidental crime may not have been proven by virtue of the evidence presented in connection with acts relating to such curfew violation.

■■ On the basis of the record at the hearing, we do not believe that the trial judge abused his discretion in revoking the probation of defendant. The granting or denial of probation rests within the discretion of the court, and the question of revocation has frequently been determined on the basis of violations of certain conditions of probation. In State v. Headrick, 54 Ill App2d 44, 203 NE2d 157, and People ex rel. Holsapple v. Ragen, 2 Ill2d 124, at 128, 117 NE2d 390, the revocation was sustained when defendant left the State of Illinois without permission. In People v. Freeman, 49 Ill App2d 464, 200 NE2d 146, revocation was based on failure to report to the probation officer. In People v. Dotson, 111 Ill App2d 306, 250 NE2d 174, a revocation of probation was affirmed, which was based upon defendant receiving

two driver's license violations. In many of the cases referred to, there were relatively minor probation violations, but in most cases there was other questionable conduct by defendant which was referred to by the court in reviewing such cases. While the other conduct might not amount to a technical probation violation, it is appropriate that such conduct be directed to the attention of the court so that an intelligent determination of whether or not to revoke probation could be made by the trial court.

In determining whether probation should be granted or revoked, such factors as public interest, the likelihood of commission of another crime, and possible rehabilitation must be considered by the trial court. In the instant case, defendant had been guilty of two previous probation violations and had even served 30 days in jail for one violation. The conduct of the defendant in spending a night in bed with two minor girls in the cabin, was obviously appropriate to be considered by the court even though the conduct might not technically constitute the crime of contributing to delinquency of minors. In view of the record, it is clear that the revocation of probation by the trial judge did not amount to an abuse of discretion.

Similarly, the sentence imposed by the trial judge from one to seven years was not so excessive as to require that a reviewing court act to reduce such sentence. There is nothing to show that the trial judge was influenced by improper matters or that the sentence was so excessive as to constitute a clear abuse of discretion. Defendant had cited the case of People v. Sims, 32 Ill2d 591, 208 NE2d 569, where defendant had been found guilty of a narcotics crime. The act which he was found to have violated was later held to be invalid. The probation revocation in that case was remanded to the trial court to "pass upon the question of revocation on

grounds other than the narcotics addiction." The Sims case, therefore, is not a precedent which would justify reversal in the case before us.

 Another issue to be considered on appeal is whether the trial judge erred in connection with the proceedings relating to the hearing in aggravation and mitigation. It is clear that defendant was entitled to a hearing in aggravation and mitigation before he was sentenced following revocation of his probation (People v. Dotson, 111 Ill App2d 306, 250 NE2d 174). We have indicated in the statement of facts, that after the attorney for defendant had moved orally for a continuance, the trial judge told him that he was proceeding at that time, and defendant's attorney thereafter answered, "Very well, Your Honor." Thereafter, when questioned as to whether defendant had anything to offer in mitigation, the attorney answered, "I don't at this time, Your Honor, care to offer anything further." It is apparent that the defendant was given an opportunity to testify himself at such time had he chosen to testify, and, also, so far as the record is concerned, nothing was offered in mitigation nor was there any offer or statement that, if given the opportunity, anything specific which would be of aid to the court would be offered in mitigation. This issue also relates to the question as to whether or not the court properly denied the motion for continuance requested by defendant's attorney. As we have frequently stated, all motions for continuances are addressed to the discretion of the trial court and considered in light of the diligence shown on the part of the movant. In the case before us, the attorney for defendant made no statement of what he intended to prove in mitigation if the continuance were granted. It is vital that attorneys for defendants make a statement as to what, if anything, would be presented in mitigation so as to give the trial court the opportunity of determining whether or not a continuance should be

granted. In such case, the trial judge could determine why a continuance was necessary. Without such statement it could not be said that the action of the trial court in refusing the request for continuance was reversible error (People v. Kees, 32 Ill2d 299, 205 NE2d 729).

 An incidental issue which arises by reason of the proceedings in this cause was whether defendant waived the right to present evidence in mitigation. In People v. Nelson, 41 Ill2d 364, at 368, 243 NE2d 225, the Supreme Court stated:

> "When defendant's counsel was asked if he had any witnesses he replied that he did not and when asked if he had any comments he replied 'I have no comments, your honor.' A hearing in mitigation and aggravation was had, defendant was given ample opportunity to be heard and his failure to take advantage of it constituted a waiver."

The court in the Nelson case, therefore, in concluding that the court could consider the evidence "if any" which was presented in mitigation obviously concluded that such hearing in mitigation could be waived and that the action of counsel in the case constituted a waiver. It is obvious that defendant in the instant case was aware of the right to a hearing in mitigation, since he was represented by counsel (People v. Tompkins, 112 Ill App2d 251, 251 NE2d 75). As indicated in People v. Nelson, 41 Ill2d 364, at 369, 243 NE2d 225, defendant is considered to have waived his right to be further heard in mitigation and it is neither necessary nor appropriate to remand the cause on such basis. To hold otherwise would permit a defendant to stand silent and, if not pleased with his sentence, he could later invoke the aid of the appellate tribunal to secure a reversal, without having given the trial court the benefit of whatever defendant might have presented in mitigation.

On the basis of the record before us, therefore, there appears to be no reversible error and the order of the Circuit Court of Whiteside County will, therefore, be affirmed.

Affirmed.

RYAN, P. J. and STOUDER, J., concur.