THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JULIAN GABRIEL, Defendant-Appellant.

(No. 11284;

Fourth District—June 8, 1971.

*Rehearing denied July 1, 1971.*

John E. Howarth, of Springfield, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In May of 1963, the defendant, then aged seventeen or eighteen years, pleaded guilty to the offense of robbery. He was placed on probation for a period of five years. In March of 1968, upon a petition filed, probation was revoked and a new two-year period of probation was imposed with a condition that the defendant serve sixty days at the State Penal Farm. In August of 1969, another petition to revoke probation was filed alleging the following violations of the terms and conditions of probation:

"That the defendant has violated the conditions of his probation in that on the 10th day of August, 1969, in the County of Sangamon, State of Illinois, defendant committed the offense of Battery in violation of par. 12—3, ch. 38, Ill. Rev. Stat. 1967, in that he knowingly, without legal justification, caused bodily harm to Charles Matheny, and that on the 16th of July, 1969, defendant committed the offense of Disorderly Conduct in that he knowingly committed an act in such unreasonable manner as to alarm and disturb Rosemary Allen, and to provoke a breach of the peace, in violation of ch. 38, par. 26—1, Ill. Rev. Stat. 1967; and that on the 3rd day of May, 1969, said defendant committed the offense of Driving with a Suspended License, in violation of par. 6A-303, ch. 95½, Ill. Rev. Stat. 1967, in that he drove a motor vehicle at 5th and South Grand, County of Sangamon, State of Illinois, with a suspended license."

Thereafter, by leave of court, an amended petition was filed. The amended petition set forth two additional allegations as grounds for revocation—one charging disorderly conduct and the other charging a battery, both relating to one John Purdon.

A motion was filed in this proceeding raising the issue of the defendant's competency. Pursuant to that motion, psychiatrists were appointed by the court to examine the defendant. At the competency hearing, the psychiatric reports were received pursuant to a stipulation by the parties and the defendant was found to be competent. Thereafter the cause was heard on petition to revoke probation, and the defendant was found to

have violated the terms and conditions of his probation and was sentenced to a term of not less than one and one-half nor more than eight years in the Illinois State Penitentiary. No hearing in aggravation and mitigation, as such, was held prior to the imposition of sentence.

A motion in arrest of judgment and for a new trial was denied as to some twelve specified issues. However, as to the asserted error of sentencing prior to a hearing in aggravation and mitigation, the court ordered the *mittimus* stayed pending presentation of evidence in aggravation and mitigation. Thereafter such a hearing was held and at the conclusion of that hearing the trial court observed that he had for consideration a probation report with considerable detail, a prior petition to revoke, as well as the report of two psychiatrists, the facts and circumstances of the original offense and the prior 60-day condition of probation that was imposed. All of this was available at the time of the original sentence. The court then observed, in substance, that the hearing in aggravation and mitigation was essentially cumulative in effect and found that no good reason was presented to warrant modification of the previously imposed sentence, observing, "even if this sentence had been vacated, the same sentence would be reinstated by the Court, * * *."

This appeal is from the revocation of probation and sentence. The defendant urges that the evidence is not sufficient to establish a violation of the terms of probation either by a preponderance of the evidence or by clear and convincing proof; that the court erred in sentencing prior to a hearing in aggravation and mitigation; and, finally, that the sentence is not commensurate with the alleged misconduct.

Of the several charges constituting grounds for revocation, we need only summarize the evidence as to one. This one incident, as well as the other alleged offenses, must necessarily have been determined upon which version of conflicting evidence would be believed. Essentially, the sole question was one of credibility of witnesses. It has been said so often as to require no citation of authority that such issue must necessarily be determined by the trier of fact, and this court will not substitute its judgment for that of the trial court upon such issue.

■■ On August 10, 1969, Charles Matheny, Marty Wade and Marilyn Schriner were at the beach house at the Lake Springfield beach. Defendant approached the three of them and made an obscene remark to Marilyn and thereafter struck Matheny, a beach lifeguard, breaking his nose. This version of the incident by Matheny was corroborated by the other two. The defendant's version is that the incident was accidental— the striking was a reflex action when Matheny placed his hand on the defendant's shoulder during an argument. Other witnesses concurred in the defendant's version. Of these two versions, the trial court believed

the Matheny testimony, observing that the physical facts clearly contradicted the defendant's version. The other grounds for revocation, except for the charge of driving with a suspended license, likewise involve the issue of credibility of witnesses, and we need not extend the opinion by recitation of the testimony. It is clear from the record that the trial court did not consider the charge of driving with a suspended license as necessarily established in arriving at a judgment. In any event, violation of probation was clearly established within the appropriate procedural framework and by a sufficient quantum of proof. See: *People v. Price* (2nd Dist. 1960), 24 Ill.App.2d 364, 164 N.E.2d 528; *People v. Dotson* (5th Dist. 1969), 111 Ill.App.2d 306, 250 N.E.2d 174.

In *Dotson*, speaking of the necessity of a hearing in aggravation and mitigation, the court said:

"Defendant next contends that no hearing in aggravation and mitigation was held. Our language in *People v. Mitchell* (5th Dist. 1966), 67 Ill.App.2d 124, 214 N.E.2d 124 (sic, 129), with that of *People v. Lillie* (5th Dist. 1967), 79 Ill.App.2d 174, 223 N.E.2d 716, makes it quite clear that a hearing in aggravation and mitigation is required before sentence is imposed as a result of revocation of probation * * *." 111 Ill.App.2d at 311, 250 N.E.2d at 177.

■■ This record reflects that the trial court did have extensive information about the defendant prior to the imposition of sentence. While it was a procedural error to impose sentence prior to a hearing in aggravation and mitigation, or a waiver thereof, this record does reflect substantive compliance with the requirements for such hearing. Further, the trial court withheld the *mittimus* pending a full hearing. We find no prejudice to the defendant inasmuch as he was ultimately afforded a full opportunity for presentation of mitigating evidence.

■■ Finally, we are not persuaded that the sentence is excessive. The sentence imposed upon revocation of probation is for the original offense, not the subsequent misconduct constituting the ground for revocation. (*People v. Livingston* (1st Dist. 1969), 117 Ill.App.2d 189, 254 N.E.2d 64.) The sentence here imposed is only slightly in excess of the minimum sentence provided by law. The judgment of the Circuit Court of Sangamon County is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.