THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD W. WINSTON, Defendant-Appellant.

(No. 71-170;

Second District—April 4, 1972.

Ralph Ruebner, of Defender Project, of Elgin, for appellant.

William B. Petty, State's Attorney, of Mt. Carroll, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein plead guilty to the charge of burglary and was granted probation for a period of two and one-half years, the first year to be spent in the county jail. While in the county jail he was granted a furlough on June 5, 1970, to attend his brother's high school graduation. As a matter of interest his brother was the valedictorian of his class. The defendant never got to the graduation. Some time during the day in question he became intoxicated and was returned to the county jail by the sheriff who found him lying unconscious on his father's front porch. A petition to revoke his probation was filed and after a rather lengthy hearing the probation was revoked and he was sentenced to 3-5 years in the Illinois State Penitentiary.

██ The defendant contends that he was not afforded a hearing in aggravation and mitigation pursuant to the provisions of ch. 38, par. 1—7(g), Ill. Rev. Stat. 1967, and further, that his sentence should be reduced.

In *People v. Dotson* (1969), 111 Ill.App.2d 306, 250 N.E.2d 174 it was held

"* * * a hearing in aggravation and mitigation is required before sentence is imposed as a result of revocation of probation * * *."

In *People v. Nelson* (1968), 41 Ill.2d 364 at 367, 243 N.E.2d 225 the Supreme Court said:

"The burden of presenting mitigating circumstances in a record falls upon a defendant and it is he who must make a substantial showing in order to justify a reduction of sentence on review. We have held that it is incumbent on the defendant to request hearing, and failure to do so constitutes a waiver." *People v. Muniz*, 31 Ill.2d 130, 138.

In *People v. Fuca* (1969), 43 Ill.2d 182, 251 N.E.2d 239 at 241 the Supreme Court in citing *Nelson* with approval, stated

"From a review of the record in this case it appears that the defendant requested no further hearing other than that afforded by his probation hearing, and therefore it is our opinion that he has waived his right to present any mitigating evidence which was available to him upon a hearing in aggravation and mitigation."

Examination of the record here discloses that the trial judge did in fact conduct a complete hearing on the relevant circumstances, both of de-

fendant's conviction, his background and the details of the incident resulting in the revocation of his probation. Defendant was represented by counsel. At three separate occasions the judge inquired of the defendant whether he had anything he might want to tell the court, *viz.*:

"Is there anything further you want to tell me?
Is there anything more you want to say to me?
You have a perfect right to say it."

And the defendant replied that he did not. Contrary to defendant's contention here, we do not feel that the trial judge was "acting as a prosecutor." The hearing would indicate a genuine interest on the part of the trial judge as to the defendant's background and the reasons for his actions when he was released on the one day furlough.

The last contention of the defendant is that the court's sentence of 3—5 years is improper. Defendant contends that the minimum sentence should not exceed one-third of the maximum sentence and cites as authority the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures (approved draft, 1968 at page 142). This court does not agree.

In the first place, uniform application of such a policy is unworkable in view of penalties now provided by the legislature for certain offenses. Examples are the 5—10 year term provided for Criminal Misrepresentation of Factoring (Ill. Rev. Stat. 1971, ch. 38 par. 40—3 and the 1—2 year imprisonment in the penitentiary provided for Concealing or Aiding a Fugitive, and Unlawful Restraint (Ill. Rev. Stat. 1971, ch. 38 par. 31—5 and 10—3); as no person may be committed to the penitentiary for less than one year. It may also be pointed out that a 1—5 year sentence is provided for a multitude of offenses, and may well be the most common statutory provision. If the maximum must be three times the minimum sentence, this would result in a minimum sentence of one year, or one year and some months in all cases covered by these statutory provisions. The end result would be that a standard sentence would have to be imposed, regardless of the degree or divergence of the severity of the offense committed.

■■ While we agree that the American Bar Association project is a guide in sentencing, we believe such computerized justice would not serve a good purpose as it would arbitrarily limit the discretion of the sentencing judge in adjusting the penalty to suit the severity of the offense, and thus we are not persuaded to adopt it *in lieu* of the penalty provisions of our criminal statutes authorized by the Illinois Legislature.

■■ However, in the instant case we feel the sentence imposed is excessive. As indicated above, the defendant was originally granted proba-

tion for two and one-half years with the first year to be spent in the county jail. If such probation were warranted in the first instance, the offense or violation committed by him while in jail but on furlough, is not sufficient for the imposition of a 3—5 year sentence in the penitentiary. We therefore reduce the sentence to 1—5 years for that reason only.

Judgment affirmed as modified.

SEIDENFELD, P. J., and MORAN, J., concur.