The People of the State of Illinois, Plaintiff-Appellee, *v.* Wayne H. Kaminski, Defendant-Appellant.

(No. 73-134;

Second District (1st Division)—July 7, 1975.

*Modified upon denial of rehearing August 8, 1975.*

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Gerry Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

On May 4, 1970, the defendant pleaded guilty to burglary (Ill. Rev. Stat. 1969, ch. 38, par. 19—1) and theft in excess of $150 (Ill. Rev. Stat. 1969, ch. 38, par. 16—1) and was put on probation for 36 months. During this term, he was convicted of the unlawful possession of a hypodermic syringe (Ill. Rev. Stat. 1971, ch. 38, par. 22—50) and the theft of less than $150 (Ill. Rev. Stat. 1971, ch. 38, par. 16—1). This appeal is from an order on September 15, 1972, revoking defendant's probation on the basis of those two convictions and sentencing him to concurrent terms of from 2 to 5 years.

Defendant contends (1) that the original convictions for burglary and theft should be reversed because the trial court failed substantially to comply with the requirements of Supreme Court Rule 402 respecting guilty pleas (Ill. Rev. Stat. 1971, ch. 110-A, par. 402); (2) that the court denied him due process of law at the probation revocation hearing by failing to admonish him of his rights prior to the State's entry of proof; and (3) that the court erred at the probation revocation hearing when it

failed to hold a hearing in aggravation and mitigation prior to pronouncement of sentence. The fourth, fifth and sixth contentions concern defendant's sentence. He maintains that the court erred in that it did not credit him with time successfully served while on probation; that the court erred when it imposed concurrent sentences for crimes arising out of the same conduct; and that the sentence ought to have been no more than that recommended by the State's Attorney (from 1 to 3 years concurrent). For reasons which follow, we affirm, but remand the cause to the trial court with directions (1) to credit the defendant with time successfully served while on probation; (2) to vacate the concurrent sentence relating to the theft.

Defendant first contends that his original convictions for burglary and theft should be reversed because the trial court failed substantially to comply with the requirements of Supreme Court Rule 402 relating to guilty pleas. We are without jurisdiction to consider this question.

■■ Supreme Court Rule 606(b) (Ill. Rev. Stat. 1969, ch. 110A, par. 606(b)) provides that a defendant has 30 days in which to appeal from a final judgment or from the court's ruling on defendant's application for probation. Under Rule 606(c), an additional period of 6 months is given in which to file notice of appeal provided that defendant can show a reasonable excuse for having failed to file within the 30-day period. In the present case, defendant never filed a notice of appeal from the judgments of conviction. He has appealed only from the order revoking his probation and the resulting sentence. The time limit within which to appeal from the convictions has long since passed. Where there has been no appeal from a judgment of guilty and an order of probation, such cannot be reviewed on appeal from an order revoking probation (*People v. Coleman* (1973), 13 Ill.App.3d 252, 301 N.E.2d 59). Furthermore, the notice of appeal mentions only the order of revocation. We are, therefore, without jurisdiction to consider this issue.

Defendant next contends that he was denied due process of law because the court failed to adequately advise him of his rights prior to the State's entry of proof at the probation revocation hearing.

■■ A defendant is entitled to "due process of law" at a probation revocation hearing (*Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756), but not all situations calling for procedural safeguards call for the same kinds of procedures (*Morrissey v. Brewer* (1972), 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593). Only "minimum requirements" of due process need be applied at a probation revocation hearing (*Morrissey v. Brewer* (1972), 408 U.S. 471, 33 L.Ed.2d 484, 92 S.Ct. 2593). Thus, in *People v. Beard* (1974), 59 Ill.2d 220, 319 N.E.2d 745, the court

held that the requirements of Supreme Court Rule 402 are not applicable to probation revocation proceedings since they were formulated to "secure proper entry of guilty pleas" at trial (citing *People v. Krantz* (1974), 58 Ill.2d 187, 194-95, 317 N.E.2d 559). The only factual issue in *Beard* was whether the defendant failed to report to his probation officer as he was required to do. Defense counsel stipulated that he did not report because at that time he was in Federal detention, subsequently resulting in a conviction for another crime committed while defendant was on probation. The court held that the stipulation did not prejudice the defendant nor deprive him of due process of law. In the present case, there also was no factual dispute since the State proved the violations of probation by offering certified copies of the defendant's two convictions while on probation. Defendant was not called upon to admit or deny anything. Further, he already had been admonished at his trial for burglary and theft respecting the maximum and minimum years to which he could be sentenced, and he can hardly legitimately complain now that his probation revocation should be reversed because the judge failed again to admonish him respecting the sentences. We have reviewed the record and conclude that revocation of defendant's probation comported with the "minimum requirements" of due process of law.

Defendant also contends that he was, upon the revocation of his probation, entitled to a hearing in aggravation and mitigation under former section 1—7(g) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(g)), which provided as follows:

> "(g) Mitigation and Aggravation.
>
> For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

Most of the cases cited by defendant for the proposition that such a hearing is "mandatory following revocation" did not even involve a revocation of probation, but two of them did so hold (*People v. Hicks* (3d Dist. 1970), 125 Ill.App.2d 48, 259 N.E.2d 846; and *People v. Dotson* (5th Dist. 1969), 111 Ill.App.2d 306, 250 N.E.2d 174). We note that the procedure on revocation effective at the time the revocation was former section 117—3(d) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 117—3(d)), which provided that:

> "(d) If the court determines that a condition of probation has been violated, the court may alter the conditions of probation or

imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted."

This did not require the trial court to conduct another hearing in aggravation and mitigation at that stage of the proceeding. In *People v. Riso* (1st Dist. 1970), 129 Ill.App.2d 356, 363, 264 N.E.2d 236, 240, the Appellate Court, First District, stated:

> "The arguments pertaining to the absence of a mitigation hearing are without substance. First of all, *it is questionable whether such a hearing must be held in a revocation proceeding.* The relevant statute only calls for a hearing after conviction. Ill. Rev. Stat. 1965, ch. 38, par. 1—7(g). Riso had had this hearing following his conviction for burglary * * * and it resulted in his being placed on probation. * * *" (Emphasis ours.)

While this court has found that a hearing in aggravation and mitigation is mandatory following a denial of probation, we have never passed on whether a hearing in aggravation and mitigation is mandatory following revocation of probation. While there are opinions both ways, we agree with the First District that this is questionable.

In any event, in the case at bar, there was, in substance, such a hearing. After revoking the defendant's probation, the court initiated such a hearing by asking, "Anything anyone wants to say about the sentence?" The State then recommended a sentence and defense counsel then orally moved for a continuance which was denied. Defense counsel responded, "Very well, your Honor." Defendant was then given an opportunity to address the court and attempted to excuse the two convictions while on probation by saying that he was not really guilty, notwithstanding that he had pleaded guilty to the charges.

■■ The defendant contends, however, that the court abused its discretion when it denied his motion for a continuance before sentencing. The State maintains, and we agree, that there was no abuse of discretion because denial of such motion is proper where no circumstances requiring a continuance are stated by counsel. In *People v. Hicks* (1970), 125 Ill.App.2d 48, 57-58, 259 N.E.2d 846, in rejecting such a contention, the court said:

> "* * * As we have frequently stated, all motions for continuances are addressed to the discretion of the trial court and considered in light of the diligence shown on the part of the movant. In the case before us, the attorney for defendant made no statement of what he intended to prove in mitigation if the continuance were granted. It is vital that attorneys for defendants make a statement as to what, if anything, would be presented in mitigation so as to

give the trial court court the opportunity of determining whether or not a continuance should be granted. In such case, the trial judge could determine why a continuance was necessary. Without such statement it could not be said that the action of the trial court in refusing the request for continuance was reversible error (*People v. Kees*, 32 Ill.2d 299, 205 N.E.2d 729)."

At no time did he or his counsel indicate whether they had anything of substance to present in mitigation. Absent such an indication, there was no reason to grant a continuance (*People v. Hicks* (1970), 125 Ill. App.2d 48, 259 N.E.2d 846), and the court's denial of the motion was not reversible error.

Defendant's next contention is that the court below erred when it refused to credit him on his sentence with ("street") time served successfully on probation. We agree.

After filing his original brief here, the defendant filed an emergency motion for a limited remand to compute credit due him for time served on probation and the State filed objections. On January 3, 1974, this court entered an order of limited remand, with directions to the trial court to pass on the defendant's motion and the State's objections. On February 20, 1974, the trial court denied said motion.

It is quite true that when the defendant was sentenced in September of 1972, the lower court was under no obligation to credit defendant with time served successfully while on probation. However, approximately 3 months later, on January 1, 1973, the courts were obliged by the legislature under the Unified Code of Corrections to credit defendants with time successfully served while on probation (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)). This provision was then made applicable to cases which had not reached a final stage of adjudication by January 1, 1973 (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4). Cases on appeal were held not to have reached a final stage of adjudication within the meaning of the statute until the last direct appeal had been decided (*People v. Chupich* (1973), 53 Ill.2d 572, 581-582, 295 N.E.2d 1). Therefore, since defendant's case had not been finally adjudicated within the meaning of section 8—2—4 of the Code by January 1, 1973, he was entitled to the sentencing benefit of section 5—6—4(h), and the court below was, on February 20, 1974, on our limited remand, obliged to credit him with the time he had successfully served while on probation.

■■ The State, however, points out that section 5—6—4(h) has since been amended and that, as amended, it is now discretionary with the court whether to credit the defendant with good time served on pro-

bation. The State argues that the amended provision became effective on November 14, 1973, several months prior to February 20, 1974. Therefore, the State contends, the lower court was no longer obligated to credit the defendant with such good time. It is our conclusion that the amendment referred to by the State took effect on July 1, 1974, rather than the State's suggested date of November 14, 1973 (*People v. Zayas* (1974), 17 Ill.App.3d 390, 308 N.E.2d 147; relying on *People ex rel. Klinger v. Howlett* (1972), 50 Ill.2d 242, 278 N.E.2d 84). Therefore, it did not apply at the time of the February hearing. The legislative history of the bill incorporating this particular amendment of section 5—6—4(h) (Ill. Leg. Digest, 1973, H. Bill 1086, 78th Session, p. 87), establishes that it was first passed by the legislature on June 18, 1973, after which it was presented to the Governor for his review and signature. Instead, he returned the bill to the legislature on September 12, 1973, with some specific recommendations for changes (see Ill. Const. (1970), art. IV, § 9(e)). However, none of the suggestions related to the particular amendment involved in the present case (Legis. Ref. Bureau 3024—78—PGB/mk). The suggestions were subsequently adopted by the legislature and the bill was passed in final form on October 30, 1973, after which it was presented to the Governor who certified it on November 14, 1973, which is the date the State claims that it became 'effective.

Article IV, section 10 of the 1970 Illinois Constitution and section 2 of "An Act in relation to the effective date of laws" (Ill. Rev. Stat. 1973, ch. 131, par. 22) provide in part that a bill passed after June 30 of a calendar year, without an effective date stated in the bill as approved by a three-fifths majority, becomes effective on July 1 of the following calendar year, while section 1 of the Act (Ill. Rev. Stat. 1973, ch. 131, par. 21) in effect provides that this particular bill would have become effective on the date it was certified (November 14, 1973) provided that the bill had passed the legislature prior to July 1, 1973. Since House Bill 1086, incorporating the amendment concerned here, was passed after June 30, 1973, without an effective date stated in it as approved by a three-fifths majority, we hold that the effective date of the bill is July 1, 1974. We reject the State's corollary argument that, for purposes of determining the effective date of the amendment, we should treat the bill as having been passed when the legislature originally approved House Bill 1086 on June 18, 1973 (thereby making the amendment effective when certified). We decline to do this since House Bill 1086 was one bill which must be treated as a single entity since by denominating it as such the legislature obviously so intended it. Since the amendment became effective only after the February reconsideration by the lower court, it fol-

lows that the amendment did not apply. The original section 5—6—4(h) applied and the lower court was bound by it to credit the defendant with time served successfully while on probation.

■■ Defendant's next contention is that he could not be sentenced to two concurrent terms in prison for violation of two crimes which arose out of the same conduct (citing *People v. Lerch* (1972), 52 Ill.2d 78, 284 N.E.2d 293). We have reviewed the evidence in this case and it demonstrates that the charges of burglary and theft both arose out of the same conduct. We therefore direct the trial court, on the remand, to vacate the concurrent sentence on the theft charge.

■■ Finally, defendant argues that the lower court erred when it declined to follow the State's recommendation of two 1- to 3-year concurrent terms of imprisonment for the probation violations. The court was, of course, not obligated to follow the State's recommendation as there was here no possibility that any bargain existed between the State and defendant respecting a lesser sentence in return for a plea of guilty (see *People v. Ventura* (1953), 415 Ill. 587, 590, 114 N.E.2d 710; *People v. Baldridge* (1960), 19 Ill.2d 616, 622, 169 N.E.2d 353). The sentence imposed for the burglary was within the limits prescribed by law and, except for the failure to credit defendant with time successfully served on probation, was proper. The order revoking probation and sentencing the defendant is affirmed, but the case is remanded to the trial court with specific directions to credit the defendant with time successfully served on probation to the revocation.

Affirmed and remanded with directions.

SEIDENFELD, P. J., and GUILD, J., concur.