THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GREGORY STERRETT, Defendant-Appellant.

Third District   No. 78-485

Opinion filed December 28, 1979.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant, Gregory Sterrett, from his being sentenced to a term of imprisonment of not less than 18 months nor more than 54 months upon the revocation of his prior sentence of 10 months periodic imprisonment. The periodic imprisonment was imposed after the defendant had been found guilty of the involuntary manslaughter of his wife.

The basis for the revocation of the periodic imprisonment was a finding that the defendant had disobeyed an order of his counselor at the Joliet Community Correctional Center. The defendant's counselor, Millie Young, testified that the defendant was granted a 72-hour pass from Thursday night February 23, 1977, to Sunday night February 26. On Friday morning she received a phone call from defendant's employer notifying her that the defendant had not shown up for work. She

attempted unsuccessfully to reach defendant by phone. At 12:30 that afternoon, the defendant telephoned her from a gas station in Joliet, and she ordered him to return to the Center by 2 p.m. that day. He returned, but not until approximately 12:30 p.m. the next day, February 25. Young knew that the defendant did not have a car to drive, but she did not offer him a ride back to the Center on February 24 since his transportation was his own responsibility.

The defendant testified at the revocation hearing that a friend alerted him on Friday morning, February 24, that the Joliet Community Correctional Center had been trying to contact him. He called Young, who told him to return by 2 p.m. as his leave was terminated. He asked her how he was supposed to get there, and she replied that he would have to find his own ride. The defendant testified that he was broke and tried to borrow cab fare to get a ride. He succeeded in borrowing the money from his girl friend the next morning and called the Joliet Community Correctional Center to tell a counselor that he was waiting for a cab. When one arrived, after three hours, he took it and presented himself at the Joliet Community Correctional Center at 12:30 p.m.

A second presentence report was prepared. It incorporated the original and added the following information. After being released on bond once the revocation petition was filed, the defendant had been rehired by the same real estate company for which he had worked during periodic imprisonment. The job required that he live in Chicago, so defendant quit in order to remain in Joliet. He found employment in Joliet with a furniture company.

The defendant also offered an explanation of the violation of his periodic imprisonment. He indicated that his employer at the apartment complex where he worked had given him a half day off on February 24 to take care of personal business. The manager denied giving him time off and called the Center to report the violation. At the sentencing hearing, the defendant verified that he believed he was authorized to be away from work on February 24. The defendant believed he had done a good job at the apartments as he had been promoted from a part-time position to the head maintenance job for the complex. The complex manager who reported the defendant's violation testified at the sentencing hearing and stated that she had fired the defendant for not doing his job and for having alcohol on his breath on occasion. The manager understood the defendant to have been a good worker when she assumed her position. The defendant testified that he was rehired after the manager fired him and transferred to Chicago as indicated in the pre-sentence report.

At the sentencing hearing on July 13, 1978, the defendant was sentenced to 18 to 54 months imprisonment. The trial judge stated that the defendant's failure to properly manage himself on periodic imprisonment

demonstrated that he needed a more rigorous and institutionalized program of rehabilitation.

"Where a sentence of periodic imprisonment is revoked, the court may impose any other sentence that was available at the time of initial sentencing." (Ill. Rev. Stat. 1977, ch. 38, par. 1005—7—2(c).) As provided by statute, involuntary manslaughter is a Class 3 felony (Ill. Rev. Stat. 1977, ch. 38, par. 9—3(b)(1)), for which a minimum term of 1 year is to be imposed unless the court, having considered the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum, but which cannot exceed one-third of the maximum term set. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(c)(4)). The maximum term can be set at any term in excess of one year but not exceeding 10 years. Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(b)(4).

Of course, a violation of the conditions of periodic imprisonment reflects on the defendant's character and his potential for rehabilitation. (See *People v. Ford* (1972), 4 Ill. App. 3d 291, 280 N.E.2d 728.) However, the nature of that violation is significant in determining whether the sentence imposed after revocation is excessive. See *People v. Coles* (1974), 20 Ill. App. 3d 851, 314 N.E.2d 526; *People v. Winston* (1972), 4 Ill. App. 3d 467, 281 N.E.2d 432.

In light of the original sentence imposed and the minor violation of the conditions of periodic imprisonment, the sentence imposed subsequent to revocation of the periodic imprisonment appears to be excessive. The only cases cited by the State in which revocation of an earlier sentence and resentencing is involved is *People v. Dixon* (1976), 41 Ill. App. 3d 910, 354 N.E.2d 638, in which the defendant violated his probation by leaving the State for three months without the permission of his probation officer. As violations of probation or periodic imprisonment go, fleeing the jurisdiction of the court is significantly more serious than the instant violation.

Accordingly, the sentence imposed is reduced to a term of imprisonment of not less than one year nor more than 54 months. See *People v. Winston* (1972), 4 Ill. App. 3d 467, 281 N.E.2d 432.

Affirmed as modified.

STOUDER, P. J., and BARRY, J., concur.