People of the State of Illinois, Plaintiff-Appellee, v. Merle Livingston, Defendant-Appellant.

## Gen. No. 53,104.

First District, Fourth Division.

December 3, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John E. Hughes, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Patrick T. Driscoll, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

After revocation of a five-year probation, defendant was sentenced to serve five to ten years. The sole issue in this appeal is whether the sentence is impermissibly severe. There is no dispute concerning the facts.

On June 1, 1967, defendant, then eighteen years of age, was charged with burglary. The indictment alleged that on May 1 he entered a gas station with intent to commit theft. When defendant was arraigned, the Public Defender of Cook County was appointed to represent him. On July 13 he pleaded guilty. It was stipulated by the parties that defendant entered Ted's Texaco Gas Station in Evanston and took $2.30 worth of oil. The court accepted defendant's guilty plea and admitted him to five years' probation, the first sixty days were to be served in the county jail.

On February 28, 1968, a petition was filed in the trial court for a rule on defendant to show cause why

his probation should not be terminated. On February 29 the rule was heard. A probation officer told the trial judge that on January 18 in the municipal division of the Circuit Court of Cook County defendant was convicted of criminal damage to property and was sentenced to serve thirty days in the House of Correction. This charge arose from a quarrel between defendant and his girl friend when "[h]e threw a pot through her window." The record does not disclose the extent of the damage. In a continued recital, the trial judge was also told that on February 20, again in the municipal division of the Circuit Court, defendant was convicted of criminal trespass to a motor vehicle and sentenced to serve eleven months in the Illinois State Farm at Vandalia. This charge arose because defendant was a passenger in a motor vehicle taken without the owner's consent.

Following the recital of the facts, defendant's court-appointed counsel told the trial judge that automobiles were the root of defendant's troubles. Counsel, without contradiction, said that defendant had a good work record, and that his employer thought well of him. After hearing statements by the assistant prosecuting attorney, the probation officer and defendant's counsel, the trial judge sustained the petition and revoked defendant's probation. The judge then asked the assistant prosecuting attorney for the State's recommendation. The prosecutor recommended a sentence of five to ten years in the penitentiary. The trial judge agreed, saying, "I am sentencing this man to five to ten years for violation of my probation."

■ Section 117–3(d) provides that "[I]f the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted." Ill Rev Stats, c 38, § 117–3(d)

(1967). Therefore, when the trial judge revoked defendant's probation, he could only sentence him for burglary, the offense of which defendant had been convicted.

Few tasks are more difficult for a trial judge than the sentencing of a probationer. The decision to sentence always involves the finding that the probationer violated the trust placed in him when he was given the benefits of probation. The breach of trust, however, cannot overshadow the statutory mandate that the probationer be sentenced for the crime of which he was convicted, not for the acts of delinquency which may or may not justify revocation of probation. Fixing the extent of punishment for crime has not, and probably never can have, a definite scientific or philosophical basis. People v. McWilliams, 348 Ill 333, at 336, 180 NE 832.

In a probation revocation hearing, two factors are important: first, the nature of the acts which lead to the revocation hearing; second, the nature of the offense of which the probationer was convicted. The first factor is relevant in determining whether probation should be revoked. The second is relevant to the sentence to be imposed, if probation is revoked. See: Committee Comments, Ill Ann Stat, c 38, § 117-1 (Smith-Hurd 1963).

██ As a reviewing court, we have the power to reduce sentences imposed by trial courts. Supreme Court Rule 615(b)(4); Ill Rev Stats 1967, c 110A, § 615(b)(4). We exercise this power with caution recognizing that ordinarily the trial judge has a superior opportunity to determine what sentence should be imposed. People v. Brown, 107 Ill App2d 406, 246 NE2d 61. The primary purpose of our power to reduce sentences is to prevent arbitrary or oppressive treatment of offenders, and to provide penalties which are both proportionate to the circumstances of the case and which recognize differences in rehabilitation potential of offenders. People v. Drewniak, 105 Ill App2d 37, 245 NE2d 102.

■ "The consequences of a sentence are of the highest order. If too short or of the wrong type, it can deprive the law of its effectiveness and result in the premature release of a dangerous criminal. If too severe or improperly conceived, it can reinforce the criminal tendencies of the defendant and lead to a new offense by one who otherwise might not have offended so seriously again." Institute of Judicial Administration, Sentencing Alternatives and Procedures, p 1, American Bar Association, Tentative Draft (1967). When, after careful review of the record it appears to us that the sentence imposed does not conform to these fundamental principles, we will modify the sentence. People v. Jones, 92 Ill App2d 124, 235 NE2d 379.

■ In the case before us defendant, eighteen years of age, pleaded guilty to a burglary charge involving $2.30 worth of oil. The acts of delinquency that led to revocation of his probation were misdemeanors. He was punished by two different judges who imposed sentences commensurate with those offenses. For the trial judge to impose the sentence of five to ten years in the penitentiary "for violation of my probation" was to inflict multiple punishment, and raise questions concerning the administration of criminal justice. For these reasons, we exercise our powers under Supreme Court Rule 615 and reduce the minimum of the sentence to two years and the maximum to five years. The judgment and sentence are modified to provide that the sentence imposed on defendant be confinement to the penitentiary for a term of not less than two years nor more than five years, and as so modified, the judgment is affirmed. People v. Jones, supra.

Judgment modified, and as modified, affirmed.

Judgment modified.

DRUCKER, P. J. and ENGLISH, J., concur.