THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD CARNEY, a/k/a RONALD HUNT, Defendant-Appellant.

No. 54650;

First District—December 1, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Suzanne M. Kohut and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Zenon Forowycz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

After revocation of a five year probation, the defendant, Ronald Carney, was sentenced to serve eight to ten years in the penitentiary. The sole issue in this appeal is whether the sentence is impermissibly severe. There is no dispute concerning the facts.

On November 15, 1966, the defendant, then eighteen years of age, was charged with robbery. The indictment alleged that on October 15, 1966, by the use of force and by threatening the imminent use of force, the defendant took two dollars and a money changer from Angelo Trotter. When the defendant was arraigned, the Public Defender of Cook County was appointed to represent him. On January 24, 1967, the defendant pleaded guilty. It was stipulated by the parties that in a dispute over cab fare, which the defendant refused to pay, the defendant struck the cab driver in the face and kicked the cab driver while he was on the ground. The defendant took two dollars and a

money changer from the cab driver, Angelo Trotter. The court accepted the defendant's guilty plea and admitted him to five years probation, the first year to be served in the County Jail.

On March 19, 1969, a petition was filed in the trial court for a rule that the defendant show cause why his probation should not be terminated. On September 16, 1969, the rule was heard. The probation officer delivered a copy of the report of the probation violation. The report stated that on February 10, 1969, the defendant was found guilty of unlawful possession of narcotic drugs and of bail jumping. The defendant was sentenced to serve concurrent teerms of two to three years.

After hearing statements by the prosecuting attorney, the probation officer and defendant's counsel, the trial judge sustained the petition and revoked defendant's probation. The trial judge sentenced the defendant to serve eight to ten years, which would run concurrently with the two to three years sentence imposed on February 10, 1969.

Section 117—3(d) of the Code of Criminal Procedure provides that:

"If the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which probationer was convicted." Ill. Rev. Stat. 1965, ch. 38, par. 117—3(d).

Therefore, when the trial judge revoked the defendant's probation, he could only sentence him for robbery, the offense of which the defendant had been convicted.

■■ Sentencing a probation violator is one of the most difficult tasks for a trial judge. The decision to sentence involves a finding that the probationer violated the trust placed in him by the trial judge. The trial judge in the instant case stated that he was giving the defendant a real break in view of his past record, but if he violated the probation the defendant would spend a long time in the penitentiary. The breach of trust, however, cannot overshadow the statutory mandate that the probationer be sentenced for the crime of which he was convicted, not for the acts of delinquency which may or may not justify the revocation of probation. *People v. Livingston*, 117 Ill.App.2d 189.

■■ In a probation revocation hearing two factors are important. First, the nature of the acts which lead to the revocation hearing and second, the nature of the offense of which the probationer was convicted. The first factor is relevant in determining whether probation should be revoked. The second is relevant to the sentence to be imposed, if probation is revoked.

■■ As a reviewing court, we have the power to reduce sentences

imposed by trial courts. Illinois Supreme Court Rule 615(b) (4). The primary purpose of our power to reduce sentences is to prevent arbitrary or oppressive treatment of offenders and to provide penalties which are proportionate to the circumstances of the case and which recognize differences in rehabilitation potential of offenders. (*People v. Livingston,* 117 Ill.App.2d 189.) If a sentence is too severe it can reinforce the criminal tendencies of the defendant. When after careful review of the record it appears that the sentence imposed does not conform to the above principles, we will modify the sentence.

■■ In the case before us, the defendant, twenty years of age, pleaded guilty to a robbery charge involving two dollars and a money changer. The acts of delinquency that led to revocation of his probation were convictions for unlawul possession of narcotic drugs and bail jumping. The defendant was punished for the above two offenses. For the trial judge to impose the sentence of eight to ten years in the penitentiary in view of the defendant's convictions for unlawful possession of narcotic drugs and bail jumping was to inflict multiple punishment. For these reasons we exercise our power under Supreme Court Rule 615 and reduce the minimum of the sentence to four years and the maximum to eight years. The judgment and sentence are modified to provide that the sentence imposed on defendant be confinement to the penitentiary for a term of not less than four years, nor more than eight years and as so modified, the judgment is affirmed.

Judgment modified, and as modified, affirmed.

BURMAN and DIERINGER, JJ., concur.