THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES LEWIS, Defendant-Appellant.

(No. 55522;

First District—December 15, 1971.

DIERINGER, J., dissenting in part.

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz and James J. Doherty, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Larry S. Boress, of counsel,) for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

After a revocation of the five year probation defendant received on a burglary conviction, he was sentenced to serve not less than twelve, nor more than twenty years in the Illinois State Penitentiary. The sole issue on appeal is whether the trial court abused its discretion by ordering so severe a sentence.

The defendant was apprehended on September 26, 1966, fleeing from a home he had just burglarized. On February 9, 1967, defendant, after being admonished as to his rights and the consequences of his action, pleaded guilty to the burglary charge. At the hearing in aggravation and mitigation following defendant's guilty plea, it was established that defendant's prior record consisted of numerous misdemeanor convictions and one felony conviction for attempt burglary. The trial court accepted the defendant's guilty plea and admitted him to five years probation, the

first year to be served in the Cook County Jail. The court warned the defendant that while it was being lenient despite the defendant's record, any violation of the terms or conditions of the probation would result in the imposition of a severe sentence.

In 1969 and 1970, indictments for burglary, robbery and bail jumping were returned against the defendant. A rule to show cause why his probation should not be terminated was issued and on August 21, 1970, a hearing on the rule was held. The trial court heard evidence on each of the offenses charged in the indictments. After listening to the testimony of complaining witnesses, an arresting officer, the defendant's probation officer and defense witnesses, including the defendant, the court concluded that defendant had violated the terms and conditions of his probation and that the probation should be terminated. After a hearing in aggravation and mitigation, the trial judge asked the assistant prosecuting attorney for the State's recommendation. The prosecutor recommended a sentence of ten to twenty years in the penitentiary. The trial judge then sentenced defendant to twelve to twenty years in the penitentiary.

 Section 117—3 (d) of our Code of Criminal Procedure provides:
"If the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted." Ill. Rev. Stat. 1969, ch. 38, par. 117—3 (d).

Therefore, when a person is found guilty of violating his probation he becomes subject to imprisonment or other punishment for the offense of which he had previously been found guilty. Invoking punishment for violation of probation, however, should not, in any sense, undertake to punish for offenses committed subsequent to the granting of probation. (*People v. Morgan*, 55 Ill.App.2d 157, 160—161.) In the instant case, when defendant's probation was revoked, the trial judge could only impose sentence for the burglary defendant had been convicted of.

The sentencing of a probation violator is one of the most difficult tasks for a trial judge. The determination preceding sentencing that probation should be revoked involves a finding that the probationer violated the trust placed in him by the trial court. In the case at bar, the trial judge in granting probation emphasized how lenient he was being in light of defendant's past record. The court admonished defendant that if he ever violated any of the conditions of the probation, "* * * God forbid, you will not be sent to the penitentiary for a short stay but it will start with ten or fifteen or twenty years, and I will have no compunction

about being as severe as I possibly can with you." The breach of trust, however, cannot overshadow the statutory mandate that the probationer be sentenced for the crime of which he was convicted, not for the acts of delinquency which justify the revocation of probation. *People v. Carney,* (Ill.App.3rd); *People v. Livingston,* 117 Ill.App.2d 189, 192.

■■ Two factors are of moment in a probation revocation hearing. First, the nature of the acts which initially lead to the revocation hearing and second, the nature of the offense of which the probationer was initially convicted. The first factor is relevant in determining whether or not probation should be revoked. The second is relevant to the sentence imposed, if probation is revoked. *People v. Carney.* (Ill.App.3d)

■■ As a reviewing court we have the power to reduce sentences imposed by trial courts. (Illinois Supreme Court Rule 615 (b) (4).) We exercise this power with caution and circumspection, recognizing that ordinarily the trial judge has a superior opportunity to determine what sentence should be imposed. (*People v. Brown,* 107 Ill.App.2d 406, 409.) The primary purpose of our power to reduce sentences is to prevent arbitrary or oppressive treatment of offenders and to provide penalties which are proportionate to the circumstances of the case and which recognize differences in rehabilitation potential of offenders. *People v. Drewniak,* 105 Ill.App.2d 37, 44-45.

When after a careful review of the record it appears that the sentence imposed does not conform to the above principles, we will modify the sentences. *People v. Carney,* (Ill.App.3rd.)

■■ In the instant case, defendant pleaded guilty to burglary. The acts which led to revocation of his probation were indictments for burglary, robbery and bail jumping. The defendant had not been tried on those offenses. It is not the province of the trial court to punish defendant for such new offenses as he may or may not have committed in imposing sentence on his guilty plea to the original burglary charge. To sentence defendant to twelve to twenty years in the penitentiary in view of defendant merely being charged with new offenses is to impose excessive punishment. It is true that the court admonished the defendant of the consequences of violating his trust in placing him on probation. Nevertheless, we believe from the nature of the offense and the attending circumstances that this is a proper case for the exercise of the power to "* * * reduce the punishment imposed by the trial court * * *." (Illinois Supreme Court Rule 615(b) (4).)

For these reasons, we exercise our power under Supreme Court Rule 615 and reduce the minimum of the sentence to six years and the maximum to ten years. The judgment and sentence are modified to provide

that the sentence imposed on defendant is reduced to a minimum of six and a maximum of ten years in the Illinois State Penitentiary, and as modified, the judgment is affirmed.

Modified and affirmed.

BURMAN, J., concurs.

Mr. JUSTICE DIERINGER dissents in part:

I concur as to affirming on the merits but I respectfully dissent to the reduction of the sentence.