THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES FORD JR., Defendant-Appellant.

(No. 54539; ▮▮▮▮▮▮▮▮

First District—March 3, 1972.

Gerald S. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Stephen J. Connolly, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

On December 22, 1967, defendant pleaded guilty to three indictments for armed robbery and one indictment for burglary. Recognizing that defendant was 21 years old, with only one prior misdemeanor conviction, the court sentenced him to concurrent terms of one to five years under each indictment. Soon thereafter, however, the State moved to vacate the judgments, asserting that they were improper since the armed robbery statute required a two-year minimum sentence. (Ill. Rev. Stat. 1967, ch. 38, par. 18—2.) The judgments were vacated, the indictments reinstated, and defendant again pleaded guilty. After further hearing, the court, on March 11, 1968, admitted him to five years' probation under each indictment, with the first year to be served in the county jail. At that time, the court warned defendant that if he violated probation, he would be sentenced to ten to fifteen years in the penitentiary.

On March 11, 1969, defendant's one year of jail time ended. The record is silent as to defendant's activities for the ensuing five weeks, but on April 15, 1969, he was arrested for making a purchase with a credit card which had been stolen in a burglary the night before. Defendant denied the burglary, claimed he had bought the credit card from an unknown male Negro for $40, but admitted its illegal use. The burglary charge against defendant was dropped, he pleaded guilty to theft, and was sentenced to one year in jail.

On April 28, 1969, defendant was returned before the judge who had granted him probation, to show cause why it should not be terminated. After that hearing, the court revoked defendant's probation, and, acting on its prior warning which defendant remembered, sentenced him to four concurrent terms of ten to fifteen years.

On appeal, defendant raises only one issue. He contends that the sentences imposed are excessive in light of the original sentence of one to five years on the same charges and the fact that his probation was revoked due to a misdemeanor conviction.

■■ We recognize that, upon revocation of a defendant's probation, he should properly be sentenced for the original crime or crimes of which he had been convicted, and not for whatever act of delinquency had caused the revocation of his probation. (Ill. Rev. Stat. 1967, ch. 38, par. 117—3(d); *People v. Livingston,* 117 Ill.App.2d 189, 192, 254 N.E.2d 64, 65.) However, the fact that defendant can be sentenced only for his original crime does not mean that the sentence imposed upon revocation of probation must be the one which the trial court would have imposed had probation not been granted and violated. So far as the statute is concerned, the court, upon revocation of probation, may sentence defendant for a term not to exceed the statutory limits prescribed by law

for the original offense. (Ill. Rev. Stat. 1967, ch. 38, par. 117—3(d); *People v. Smith*, 105 Ill.App.2d 14, 17, 245 N.E.2d 13, 15.) Ordinarily, there is no way of knowing what sentence would have been imposed by a judge had he not granted probation, but it happens that in this case we do know because of the mix-up in the minimum sentence. It is our belief, however, that a sentence higher than one which a court might originally have had in mind, may properly be imposed upon probation revocation, not to punish defendant for his subsequent acts, but to reflect the court's reassessment of the defendant's rehabilitation potential.

■■ When imposing a sentence, the court must consider in detail not only the acts committed, so as to proportion the penalty to the seriousness of the offense charged, but it must also, by statutory command, take full cognizance of all factors relevant to the rehabilitation potential of defendant as an individual. (Ill. Rev. Stat. 1967, ch. 38, par. 1—2(c).) This potential is extremely difficult to recognize, and can be assessed in good faith only after the court has learned everything it possibly can about the defendant, his attitude, and his background. It would be a fine thing, indeed, if a judge could have the presence which would enable him to assay a defendant's rehabilitation or possibility of rehabilitation a year or more in the future, but this we are denied. All we can do is rely on the best and fullest information available at the latest possible time, which, of course, is the very moment of sentencing. If this be true, and we believe it is, then how absurd it would be to require a judge to eliminate from his thoughts all knowledge of defendant which he has acquired during the months or years which may have passed since he admitted defendant to probation. We can agree with defendant that the sentences to be imposed must be for the original crime or crimes (as in this case for the original burglary and three armed robberies) and not for the crime which constituted the probation violation. But it is a different matter altogether to foreclose the sentencing judge from considering the latter crime to determine the defendant's "rehabilitation possibilities" which the statute requires him to do. We, therefore, cannot agree with the thought expressed in some cases, (*e.g., People v. Slaughter*, 2 Ill.App.3d 106, (N.E.2d)), that "[t]he subsequent conduct which caused revocation of his probation *has no bearing* upon this sentence." (Emphasis supplied.) We cannot agree in this case that the fact of defendant's having committed a crime while on probation and within five weeks of his release from jail "has no bearing" upon his potential for rehabilitation, or, conversely, his propensity for criminal activity. See *People v. Golston*, 1 Ill.App.3d 132, 273 N.E.2d 614.

██ However, after a review of the record, it appears to us that the current sentence is not consistent with all that we have said above. Although the previously imposed one-year minimum sentences no longer represent the true picture of defendant's possible rehabilitation, neither the true picture of defendant's possible rehabilitation, neither, in our opinion, do the current ten-year minimum sentences.

Under all the circumstances of this case, and particularly in view of defendant's youth, we will exercise our power under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1969, ch. 110A, par. 615(b)(4), and reduce the minimum in each of his four concurrent sentences to seven years, and the maximums in each to twelve years. The sentences are modified accordingly and, as modified, are affirmed.

Affirmed, as modified.

LORENZ, P. J., and DRUCKER, J., concur.