THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID WILLIAMS, Defendant-Appellant.

(No. 71-171; )

Second District—March 20, 1972.

Ralph Ruebner, of Defender Project, of Elgin, (Kenneth L. Gillis, of counsel,) for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Benedict J. Ori, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant was indicted with one James McDermott for theft of a Ford automobile on December 9, 1968. He is 18 years of age and is married. He was arraigned on April 28, 1969, and on June 30, 1969, after being duly admonished of the consequences, he entered a plea of guilty and was granted probation for a period of three years. The defendant admitted that he had been involved in stealing and stripping six automobiles by hot wiring the ignition and denied that he used hard narcotics. Probation was granted on July 11, 1969.

On February 13, 1970, a petition for revocation of probation was filed alleging the theft of a motor vehicle in the city of Chicago on January 21, 1969. This petition for revocation was amended but finally dismissed by the State's Attorney on April 15, and the defendant was released. Again, on July 15, 1970, a petition for revocation of probation was filed and a supplemental petition for revocation of probation was filed on September 13, 1970. The latter petition was based upon the theft of various items from motor vehicles on or about May 19, 1970. The defendant was apprehended on that date in the early hours of the morning by a police officer and after being identified, he escaped, fled to California, and was subsequently returned by the Illinois authorities on July 12, 1970.

On October 1, 1970, a lengthy hearing was had involving only the two separate thefts of property upon which the last supplemental petition for revocation of probation was based. At the conclusion of the hearing the court revoked his probation.

Only after being advised that the probation was revoked did the defendant through his counsel ask leave to file a petition under ch. 91½, par. 120.8, 120.10, Ill. Rev. Stat. 1969, under the Dangerous Drug Abuse Act. The trial court observed that at no time prior to the revocation of

probation did the defendant indicate that he was a user of heroin. As a matter of fact, he told the probation officer when he was first granted probation that he did not use drugs.

Defendant contends that under the provisions of par. 120.10 that the words "if the individual elects to undergo treatment or is certified for treatment the court shall order an examination by the Department" (of Mental Health). Defendant fails to cite the first paragraph which states in part: "* * * that if a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict and the court finds that he is eligible to make the election." The defendant would have us believe that it is mandatory upon the court to order such an examination. The question then resolves itself under the facts peculiar to this case. The defendant expressly stated at the time of his conviction and the granting of his probation that he was not an addict. The question then arises, may he accept probation on that basis, violate his probation by further thefts, and when he is advised that his probation is going to be revoked that he may then say he is an addict and elect to be treated under the Dangerous Drug Abuse Act. This court does not believe that the drafters of this legislation ever contemplated that the use of this Act would ever be strained to the point here sought by the defendant. The Act itself is a laudatory measure but not one designed as a means of escaping confinement by those who deny that they use "hard drugs" and then attempt to recant.

The trial court further observed that the defendant had been incarcerated from the time of his return by the authorities from California in July, until October, and had apparently suffered no ill effects. Lastly, as indicated above the trial court pointed out that at no time did the defendant request this election until he found out that he was going to be sentenced to the penitentiary. The trial court thereupon denied the motion of the defendant for election to be treated as a narcotic addict under the pertinent provision of the Dangerous Drug Abuse Act. There are no reported cases involving this Statute. Section 120.10 provides in pertinent part:

"* * * If the court, acting on the report and other information coming to its attention, determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases."

It is obvious that the trial court could base its denial of the motion on both the fact that there was no evidence that the individual was an addict, and further, that he was not likely to be rehabilitated if in fact he were.

We therefore have a young man who has been involved in several

instances of car theft and stripping of automobiles and after being placed on probation subsequent thefts which resulted in the revocation of his probation. In view of the circumstances in this particular case we do not believe that the trial court abused its discretion and the sentence of 4-8 years in the State penitentiary is therefore affirmed.

Judgment affirmed.

SEIDENFELD and MORAN, JJ., concur.