THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY McCALL, Defendant-Appellant.

(No. 71-138;

Third District—August 28, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

Frank Yackley, Assistant State's Attorney, of Ottawa, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant, Gary McCall, pleaded guilty to felony theft in the Circuit Court of La Salle County on December 15, 1970. The basis of the offense was defendant's breaking and entering a commercial garage and the theft of tools from the garage on May 22, 1970. Pursuant to plea bargaining, defendant pleaded guilty to felony theft and he was sentenced to probation for three years. The burglary charge was dropped.

On March 30, 1971, the State's Attorney for La Salle County filed his petition to revoke defendant's probation alleging defendant had committed a burglary in March, 1971, in violation of his probation. Other

than alleging a commission of the burglary as a grounds for probation revocation, defendant was not otherwise charged with such burglary. An evidentiary hearing was held on May 20, 1971, and at the close of the hearing defendant's probation was revoked and he was sentenced to a term of from five to ten years in the penitentiary. On this appeal it is accepted as an established fact that defendant did commit the burglary alleged in the probation revocation petition, the offense involving entry into a garage and theft of tools and a motor vehicle. Post-trial motions were filed and denied but pursuant to defendant's motion, seven weeks after the sentence was imposed, defendant was returned from the penitentiary and permitted a hearing on aggravation and mitigation. After the hearing, the court reaffirmed its previous sentence and from such sentence this appeal follows.

The only question raised on this appeal is defendant's claim that his sentence is excessive. In support of such claim defendant argues the trial court erroneously considered events and circumstances including criminal offenses with which he was never charged or convicted occurring subsequent to the grant of probation, contrary to *People v. Livingston*, 117 Ill.App.2d 189, 254 N.E.2d 64 and *People v. Turner*, 129 Ill.App.2d 24, 262 N.E.2d 379. Defendant also argues that based on circumstances properly affecting the sentence to be imposed, the sentence is excessive and not supported by the relevant evidence.

The State accepts defendant's argument that any criminal offenses, subsequent to the grant of probation are inappropriate in determining the sentence to be imposed upon revocation of probation. Consequently, we deem it unnecessary to decide whether the trial court properly should have or did consider post probation incidents in the determination of the penalty imposed. The only question which we are required to determine is the propriety of the sentence based on proper factors asserted by the State as justifying the sentence. According to the significant facts described by the State, defendant was thirty-one years of age, married, and the father of three children. For nine years prior to 1970, defendant had worked regularly and adequately supported his wife and children.

During the revocation proceeding, the State presented evidence that defendant had been convicted of a burglary in Michigan in 1957, which conviction was not known to the State or to the court at the time defendant was granted probation. At the time of the Michigan offense, defendant was seventeen years old and the offense consisted of breaking into a store and stealing two fishing rods.

It should be noted, the ten year maximum sentence, is the maximum

term permitted by the statute governing this offense. The minimum sentence of five years is near the maximum which might be imposed with due regard for the principle of indeterminacy. In seeking to justify the sentence imposed the State refers first to defendant's felony conviction in 1957, second to defendant's violation of probation soon after he was placed thereon, and third to the inherent discretion of the trial court in the determination of a sentence.

■■ Even if defendant's conviction of burglary in 1957 was previously unknown to the court, the facts surrounding such conviction, namely, defendant's age at the time, the property taken, and the length of the intervening period would tend to entitle this conviction to little significance at the time this sentence was imposed.

■■ However, when the record and the State's brief are considered as a whole, the conclusion is inescapable that the severe sentence was imposed because defendant had violated the terms of his probation so soon after it had been granted. Naturally, when a trial court grants probation it does so where the prospect of good behavior is reasonable both during and after the period of probation. Where such expectation does not occur, the trial court may well be disappointed and perhaps even incensed at what it might consider a breach of trust. Nevertheless, the provocation engendered thereby is not an appropriate reason for increasing the severity of the sentence. *People v. Lewis*, 3 Ill.App.3d 144, 278 N.E.2d 267.

When the propriety of the sentence is considered in light of the foregoing facts, we believe it exceeds the range of appropriate punishment under prevailing standards. *People v. Danno*, 132 Ill.App.2d 270 N.E.2d 42.

For the foregoing reasons the sentence of from five to ten years is reduced to a term of from two to five years in the penitentiary and as so modified the judgment and sentence of the La Salle County Circuit Court is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.