The People of the State of Illinois, Plaintiff-Appellee, *v.* Edward J. Clyne, Defendant-Appellant.

(No. 71-338;

Second District—August 30, 1972.

Frank Wesolowski, Jr., Public Defender, of Wheaton, (Robert H. Heise, Deputy Public Defender, of counsel,) for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Malcolm F. Smith, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant appeals from a sentence of 3-5 years imposed upon the revocation of probation previously granted on a plea of guilty to the crime of burglary.

The then 18-year-old defendant pled guilty on May 15th, 1970, and on June 12th, 1970, was placed on probation for 3 years under the supervision of Genesis House in Rockford. On June 19th, 1970, a petition to revoke probation based upon defendant's deviation from the imposed standards of conduct at the home was filed. On August 28th, 1970, the court denied the revocation petition, but changed the supervision of defendant to the Renaissance House in Peoria. At this hearing the State's Attorney, who had not opposed probation originally, recommended a 1-3 year sentence, but suggested that if the defendant were back on a revocation again, the State would take a different viewpoint and would most likely recommend a higher sentence. To this the court responded,

"You would have to. I wouldn't be inclined to give him a minimum sentence, anybody who has had two chances and doesn't take them. Of course, we don't know what he is going to do the second time."

On April 26th, 1971, an amended motion to revoke probation was filed and, thereafter granted by the court upon a showing that on February 11th, 1971, the defendant had been convicted of petty theft in California after his unauthorized departure from Renaissance House.

Defendant argues that the record establishes that prior to the burglary conviction, he was in no trouble, was nonviolent, not a drug user, only needed a physical education course to complete his high school credits, and was characterized by the court as "a generally decent fellow". De-

fendant does not contest the grounds for revocation, but urges that the court was, in effect, punishing him for the subsequent offense.

■■ It is clear that sentence to be imposed upon revocation of probation must be for the original crime and that the sentence may not exceed the maximum penalty for the offense of which the probationer was convicted. Ill. Rev. Stat. 1969, ch. 38, sec. 117—3(d).

■■ The clear inference from the court's remarks at the first revocation hearing that it wouldn't be inclined to give the defendant a minimum sentence if he didn't take the second chance given him, forces us to conclude that the judge did take the subsequent offense in California into account in fixing the sentence. We believe that the court has a right to do this in establishing the maximum term the defendant is to serve for the original offense. What a defendant does while on probation must reasonably have a bearing upon his potential for rehabilitation which the court is assessing in determining the maximum penalty. (See *People v. Ford* (1972), 4 Ill.App.3d 291, 293.) But on this record we have a quite clear indication that the court would have considered a less severe sentence for the original offense. A low minimum sentence would have been consistent with the youth of the offender, the fact that it was his first offense, the nature of the offense, and the court's general assessment of the defendant as a "decent fellow".

While not conceding that the sentence was improper, the State has suggested that a 2-5 year sentence would be appropriate if we are to reduce the sentence.

■■ We exercise our power under Ill. Rev. Stat. 1969, ch. 110A, sec. 615(b) (4), and reduce the minimum sentence to 2 years with the maximum to remain at 5 years. The sentence is modified accordingly and, as modified, is affirmed.

Affirmed as modified.

GUILD and T. MORAN, JJ., concur.