THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVE CLINKSCALE, Defendant-Appellant.

(No. 57867; ▮▮▮▮▮▮▮)

First District (1st Division)—August 6, 1973.

Paul Bradley, Deputy Defender, of Chicago, (Kenneth L. Jones, Assistant Appellate Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Mark R. Harms, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Steve Clinkscale (defendant) appeals from denial of his petition for entrance into the Drug Abuse Program and from penitentiary sentences of six to ten years for burglary and, concurrently, one to five years for attempt burglary. He was originally indicted for attempt burglary (Ill. Rev. Stat. 1969, ch. 38, par. 8—4) and also upon five charges of burglary. (Ill. Rev. Stat. 1969, ch. 38, par. 19—1.) He pleaded guilty to attempt burglary and two charges of burglary. The remaining three indictments were stricken with leave to reinstate. Upon his plea and stipulated evidence, the trial court, on November 12, 1970, after due consideration, granted him probation for five years with the first year to be spent in the House of Correction, subject however to the Work Release Program.

Slightly more than one month thereafter, on December 26, 1970, he left the House of Correction and never returned. On February 8, 1971, a warrant was issued for the defendant and on January 12, 1972, he was taken into custody. On January 20, 1972, a petition was filed for a rule on him to show cause why his probation should not be terminated.

On March 1, 1972, defendant filed a petition in which he elected to be treated as a narcotic addict under the Dangerous Drug Abuse Act of Illinois. (Ill. Rev. Stat., 1972 Supp., ch. 91½, pars. 120.1 and following, effective July 1, 1971.) The petition alleged that defendant was a narcotic addict; he was not charged with a crime of violence and had no record of two or more convictions of such crime; was not charged with sale of any dangerous or any other narcotic drug or any other felony, and was not in treatment or has not elected and been admitted to a treatment program on two prior occasions within any two year period.

The petition further stated that defendant was not making his election "* * * without the consent of the appropriate [sic] parole or probation authority, if applicable."

On March 1, 1972, the trial court ordered that defendant be examined by representatives of the Drug Abuse Program of the Department of Mental Health to determine whether he was an addict. They were directed to report the findings of their examination and the willingness of the Program to treat defendant as an addict. On March 28, 1972, the court liaison officer of the Drug Abuse Program wrote to the court and advised that defendant had been interviewed and examined and found to be acceptable for treatment under the provisions of the statute. The letter further stated that "The Department has accepted Steve Clinkscale into treatment subject to the provisions of * * *" the statute. On May 4, 1972, after a full hearing, the court denied defendant entrance into the Drug Abuse Program and sentenced him to terms of six to ten years and one to five years as above.

Defendant urges that the trial court improperly denied his admission into the Drug Abuse Program and that his sentence was excessive and should be reduced. The State contends that, since defendant violated the terms of his probation, he has no right to be admitted to probation a second time under the Dangerous Drug Abuse Act and that the sentence imposed after probation violation was proper.

■■ It is agreed by the State and defendant that his sentence should be reduced under the Illinois Unified Code of Corrections effective January 1, 1973. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c).) It has been decided that this statute is applicable to our consideration of defendant's sentence. (*People v. Pickett,* 54 Ill.2d 280, 285, 296 N.E.2d 856.) Accordingly, on motion heretofore made, this court did, on June 5, 1973, enter an order reducing the minimum of the larger sentence from six years to three years and four months. Having thus disposed of the second contention raised by defendant, we proceed now to the issue of his admission to the Drug Abuse Program.

The Dangerous Drug Abuse Act presents a new remedy to the courts in attempting to deal with the manifold problems resulting from the use of dangerous and addictive drugs. There is a paucity of Illinois cases decided in connection with the matter. *People v. Williams,* 4 Ill.App.3d 362, 280 N.E.2d 798 is not helpful here. Defendant, there, was found guilty of theft of an automobile and placed on probation. A petition for revocation was filed but dismissed and then refiled some two months later. After a full hearing, the court revoked probation. Defendant thereupon asked leave to file a petition under the Dangerous Drug Abuse Act. The trial court denied this relief. This court (Second District of Illinois)

held that no abuse of discretion was demonstrated by the record. At that time, the court stated, "There are no reported cases involving this Statute." 4 Ill.App.3d at 364.

In *People v. Robinson*, 12 Ill.App.3d 291, 297 N.E.2d 621, defendant was found guilty of burglary and theft. He had previously been convicted of three burglaries and larceny and for illegal possession of narcotic drugs. On defendant's plea of guilty, the court conducted a hearing regarding probation. The probation report stated that defendant was a known narcotic addict. The court was advised that he had been accepted for treatment by the Narcotic Service Counsel, NACO Program. Defendant contended that this request constituted an election to be sentenced under the Dangerous Drug Abuse Act. The appellate court pointed out that sec. 120.10 of the Dangerous Drug Abuse Act has reference to persons convicted of crime and the possibility of their certification for treatment under the Act. "The court held that the granting of such treatment in lieu of imprisonment is at the discretion of the court and is not an option to be chosen solely by the defendant. The court concluded that there was an abuse of discretion which was unintentional because of a lack of information concerning the Act on the part of all of the parties.

The language of the court regarding the exercise of discretion by the trial court is significant here. The court cited *People v. Ortiz*, 61 Cal.2d 249, 391 P.2d 163 and then used the following language with reference to that case and to the situation before the court:

> "However, the court concluded that the discretion vested in the court should be exercised with a view to implementing, rather than possibly frustrating, the strong legislative policy disclosed by the enactments creating and governing the narcotic addict rehabilitation program. And that policy favors inquiry into the addictive status of *all* criminal defendants whose record indicates the presence of an addiction problem. We are in accord with this view."

Upon examination of the entire record here, it seems clear that defendant was a drug addict at the time of his sentence. This appears amply from his testimony and that of his wife before the court at the probation revocation hearing. In addition, the authorities of the Department of Mental Health not only found that defendant was acceptable for treatment but stated in writing that they had accepted him. Upon due consideration, we have concluded that there are three factors which should receive additional consideration by the able and experienced trial judge, as follows:

1. This defendant was originally admitted to probation on November

12, 1970. The Dangerous Drug Abuse Act became effective July 1, 1971. Defendant, therefore, has never had an opportunity of electing to come within the provisions of the Act. He should, if possible, now be given the opportunity to avail himself of this ameliorative legislation.

2. We gather from the record here that the trial court felt that defendant was in effect requesting another term of probation. This is also reflected by the argument of the State in this court that defendant was obliged to show himself qualified for probation. It should be pointed out that defendant was sentenced and the People's brief was filed in this court before the decision by the appellate court in *Robinson*. In that decision, in commenting upon sec. 120.10 of the Dangerous Drug Abuse Act, the court stated:

> "Nor must defendant first show himself qualified for probation as contended by the State. The probation mentioned is merely descriptive of the status of the individual when and if he is accepted for treatment."

3. We note that sec. 120.8 of the Act (Ill. Rev. Stat. 1971, ch. 91½, par. 120.8) specifically provides that an addict convicted of a crime is eligible to elect treatment under the supervision of the Department of Mental Health instead of prosecution; unless "(e) The addict is on probation or parole and the appropriate parole or probation authority does not consent to that election * * *." We find nothing in the record showing that the appropriate probation authority did not consent to defendant's admission to the Program. In fact, defendant's petition alleged specifically that he was not making his election for treatment "* * * without the consent of the appropriate [*sic*] parole or probation authority, if applicable." This fact may have been merely stated incidentally as part of a prepared form of petition used by defendant. Ascertainment should be made specifically of the attitude of the probation authorities as this is a requisite under the statute.

■■ Accordingly, the orders denying the petition for entrance to the Drug Abuse Program and the sentences appealed from are reversed and the cause remanded to the trial court for additional consideration of the three matters above presented for determination of the propriety of permitting entrance of defendant to the above Program.

Orders reversed and cause remanded with directions.

BURKE, P. J., and HALLETT, J., concur.