THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CRAWFORD MOORE, Defendant-Appellant.

Second District (1st Division)  No. 75-294

Opinion filed  April 20, 1976.

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Edward N. Morris and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Defendant was found guilty in 1972 of the unlawful possession of a controlled substance, heroin, and was placed on a term of 3 years' probation, the first 9 months of which were to be served in the Illinois State Penal Farm in Vandalia. On September 19, 1973, the State's Attorney filed a petition for revocation of the probation for failure of the defendant to report to the probation officer for a period of 3 months. Upon a hearing on this petition for revocation the same was denied. A second petition for revocation was filed on June 19, 1974, alleging the defendant violated his probation in that he sold cannabis and Phencyclidine (PCP) to an undercover agent; that he was in possession of cannabis and that he was in possession of a hypodermic needle and syringe. Actually the defendant sold three packets which he represented to be "crystal," a street name for cocaine, for $110 and three bags of "grass" for $10 each. Analysis of the three packets of "crystal" disclosed that it was PCP.

The defendant was arrested 5 months later, on November 26, 1974. On December 27, 1974, following a hearing on the petition for revocation, the court found that the allegations of the petition for revocation had been proven, not only by a preponderance of the evidence, but beyond a reasonable doubt. On January 3, 1975, the defendant filed a petition for election to be treated as an addict under the provisions of the Dangerous

Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, par. 120.1 *et seq.*), alleging, *inter alia*, that there were "no other criminal proceedings alleging commission of a felony pending against the defendant" and that "defendant is not on probation." Subsequently the trial court denied the defendant's petition to elect treatment as a drug addict but entered two orders, one that the defendant be examined "by the Illinois Drug Abuse Intake Center or any other fit agency for a determination of whether or not he is or was recently a drug addict for the purpose of mitigation in the sentencing hearing" and in a separate order authorized the liaison officer of the Illinois Drug Abuse Program to examine the defendant. The Illinois Department of Mental Health found the defendant to be an addict and by letter advised the court that he was likely to be rehabilitated. However, the liaison officer for the Drug Abuse Program, in his testimony on this issue before the court, testified that "possibly we could rehabilitate him."

A hearing was held on the issue of the defendant's drug addiction and the liaison officer for the Drug Abuse Program testified as indicated above. At the conclusion of this hearing the attorney for the defendant urged the court, in substance, to reconsider its decision. At the conclusion of the testimony the court stated that it originally felt that the defendant was not the type of individual who would benefit from the usual drug program and stated that that was one of the reasons that he had the defendant examined by the Department. The court went on to state, in the words of the Dangerous Drug Abuse Act, that if "the individual is not an addict or is an addict not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases." The court reviewed the evidence as to defendant's addiction and carefully considered the report of the Department as to the likelihood of rehabilitation in detail and concluded that the defendant would not be benefitted or be rehabilitated through treatment if referred to the Department of Mental Health. The defendant testified in support of his contentions that he was an addict who could be rehabilitated and that his difficulties were caused by his addiction. He further stated that in order to support his habit he had delivered rather large quantities of heroin for a member of the "organization," that he had engaged in pimping and had sold guns. The court gave careful consideration to all of the evidence as to defendant's addiction and likelihood of rehabilitation and sentenced the defendant to 2½-7½ years in the Illinois State Penitentiary.

The defendant has raised two issues on this appeal, the first being that on his petition for election for treatment under the Dangerous Drug Abuse Act the defendant was deprived of a meaningful hearing on his current addiction and his potential for rehabilitation if treated as an addict and, secondly, that the trial court, in imposing sentence,

improperly considered acts of the defendant which occurred between the time he was placed on probation and the time his probation was revoked.

While it is true that the court originally denied the election of the defendant to be treated as a drug addict, nevertheless it appointed an officer of the Illinois Drug Abuse Program to examine defendant as to his drug addiction and potential for rehabilitation. In the hearing on this issue, as indicated above, the court went into great detail in determining that its opinion was not changed and that in its opinion the defendant was not a fit subject for treatment under that Act.

■■ The above action on the part of the court afforded the defendant a hearing under the provisions of the Dangerous Drug Abuse Act as found in section 10 (Ill. Rev. Stat. 1973, ch. 91½, par. 120.10). In substance that section provides that if the defendant elects to be treated as an addict the court shall order an examination by the Department of Mental Health; that the Department shall report the results of that examination to the court and then specifically provides:

> "If the court, acting on the report and other information coming to its attention, determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases."

We specifically find that in this case the court did, in fact, substantially comply with the provisions of the Dangerous Drug Abuse Act.

In support of his contention that the trial court deprived the defendant of a meaningful hearing as to his current addiction and potential for rehabilitation under the provisions of the Dangerous Drug Abuse Act, the defendant has cited a number of cases. As this court pointed out in *People v. Williams* (1972), 4 Ill. App. 3d 362, 280 N.E.2d 798, the question therein presented was whether the defendant might accept probation, violate the same and when advised that his probation is to be revoked, allege that he is an addict and elect to be treated under the Dangerous Drug Abuse Act.

■■ Notwithstanding the above, however, we find that the defendant herein, under the pertinent statutory provisions and the facts of this case, was not eligible for treatment under the Dangerous Drug Abuse Act, section 8 (par. 120.8). As indicated above, the basis for the revocation of the defendant's probation was that he sold controlled substances and when arrested was found to be in possession of a hypodermic needle and syringe, in violation of his probation. For these offenses he was formally charged in the Circuit Court of Lake County with four separate charges. Under those charges he was released on bond by another judge when he represented to that court that he had never been in court except on a traffic offense while, as a matter of fact, he was on probation at that time.

He then went to Iowa and was not arrested until 5 months later. He was also sentenced to 30 days for contempt for such misrepresentation by the judge to whom he had lied.

Section 8 (par. 120.8) of the Dangerous Drug Abuse Act in pertinent part states the following:

"An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department instead of prosecution or probation, as the case may be, unless * * * (d) other criminal proceedings alleging commission of a felony are pending against the addict * * *."

Under the circumstances of this case there is no question but that the defendant, at the time the petition for the revocation of his probation was filed, had been formally charged with the crimes upon which the petition for revocation of probation was based. The offenses which were pending and which were the basis for the revocation of probation were, (1) possession of 2½ but less than 10 grams of cannabis; (2) the sale of controlled substances (Phencyclidine (PCP)); (3) sale of more than 10 grams but less than 30 grams of cannabis; and (4) possession of a hypodermic needle and syringe. PCP is enumerated under Schedule III of the Illinois Controlled Substances Act as a controlled substance. (Ill. Rev. Stat. 1973, ch. 56½, par. 1208(c)(8).) Section 401(d) of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(d)) provides that the delivery of a controlled substance classified in Schedule III in an amount less than 300 grams is a Class 3 felony. Section 5(c) of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 705(c)) provides that the delivery of more than 10 grams but less than 30 grams of cannabis is a Class 4 felony. It can thus be seen that charges were pending against the defendant for two offenses which were classified by statute as felonies. Under section 8(d) (par. 120.8(d)) of the Dangerous Drug Abuse Act, the defendant was not eligible to elect treatment under the Dangerous Drug Abuse Act.

We further find that the instant case is most comparable factually to that of *People v. Williams* (1972), 4 Ill. App. 3d 362, 280 N.E.2d 798, in that the defendant at the time of his original conviction explicitly denied that he was a drug addict and only when faced with the possibility of sentencing upon the revocation of his probation did he seek treatment under the Dangerous Drug Abuse Act. As pointed out by this court in that case and by Justice Trapp in the dissenting opinion in *People v. Elsner* (1975), 27 Ill. App. 3d 957, 327 N.E.2d 592, the Act was not designed as a means of escaping confinement by those who first deny that they use drugs or are addicted and only assert the issue when faced with the possibility of imprisonment upon revocation of probation. At the time of the original conviction of the defendant herein the following colloquy

took place. In response to the question, "Have you ever taken any hard drugs such as heroin?" the defendant replied, "No, I haven't." "Have you ever sold any drugs?" Defendant, "No, I haven't." "Do you consider yourself as having any type of drug problem whatsoever?" Defendant, "No, I do not." The defendant now contends that at the time of the original conviction he was in fact a drug addict and stated that he was in the drug traffic at that time.

■■ We turn then to the next contention of the defendant that the trial court improperly considered the actions of the defendant while on probation. The apparent basis for this contention is that the court imposed a minimum sentence of 2½ years while the statutory minimum was 1 year. The defendant does not attack the maximum sentence imposed in this case. This court has stated that in imposing punishment for violation of probation the trial judge should not undertake to punish the defendant for offenses committed subsequent to the granting of probation. Where the defendant is charged with committing a criminal offense while on probation it is, of course, impossible for the trial judge not to consider those offenses as the basis for the revocation of probation. It is, of course, true that the trial court should not increase the length of imprisonment for the original offense because of the subsequent crimes. This is always a difficult decision on the part of the trial court. Upon review, it is our duty to ascertain whether the trial court did in fact increase the punishment because of the subsequent offenses. This does not mean, however, that the trial court must impose the minimum sentence. In this connection it is interesting to observe the comments of the court in *People v. Ford* (1972), 4 Ill. App. 3d 291, 293, 280 N.E.2d 728, 730, wherein the court, after recognizing that upon revocation of defendant's probation, defendant must be properly sentenced for the original crime only, went on to state:

"* * * a sentence higher than the one which a court might originally have had in mind may, properly be imposed upon probation revocation, not to punish defendant for his subsequent act, but to reflect the court's reassessment of the defendant's rehabilitation potential."

Examination of the record indicates that the defendant was originally placed on probation on September 22, 1972. His probation was revoked on December 27, 1974. Therefore, the provisions of section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) were applicable. This section provides "time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise." The effective date of this act quoted, as amended, was July 1, 1974. (See *People v. Kaminski* (1975), 30 Ill. App. 3d 180, 332

N.E.2d 182.) The court did not order that the time served on probation should not be credited to the defendant's sentence. Defendant was sentenced to a minimum of 2½ years; he therefore had credit against that sentence of 2 years and 3 months which, in substance means that the minimum sentence imposed which defendant was actually to serve was 3 months. The court could have imposed a sentence of 1-3 years which would have been the minimum and ordered that the time served on probation was not to be credited. The court did not do that. In this case it is obvious that the minimum sentence imposed of 2½ years, allowing credit for the time served on probation is, as a practical matter, a minimum sentence, actually less than one that might have been imposed as indicated above. This is particularly true when we consider that the offense which was the basis of defendant's revocation of probation is most serious in nature, to wit: the sale of PCP and cannabis, both felonies; that he failed to report to his probation officer during the period of his probation; that he left the State on several occasions for a considerable period of time; that by his own admission he was a courier for the delivery of heroin and advised the probation officer that he received from $2000 to $3000 for making the delivery; that he obtained firearms and sold the same; that he engaged in pimping; and that when he was arrested for the offenses which were the basis of his revocation of probation, advised another judge that he was not on probation and had not been in court except for a traffic violation and, when placed on bond for those offenses, failed to appear and his bond was forfeited. All of these are relevant factors to be considered by the trial judge in determining his potential for rehabilitation and for the length of sentence to be imposed. We find the contention of the defendant that this minimum sentence is excessive is without merit. The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.